[Civ. No. 495. Second Appellate District.—June 6, 1908.]

## A. E. STILES, Respondent, v. HERMOSA BEACH LAND AND WATER COMPANY, a Corporation, Appellant.

SPECIFIC PERFORMANCE—INSUFFICIENT COMPLAINT.—A complaint for specific performance of a contract to sell and convey real estate must, in order to make a case good against a general demurrer, state facts from which the court may determine that the consideration is adequate, and that the contract is, as to the defendant, just and reasonable, and that it would not be inequitable to enforce it; and where no consideration is alleged therein, beyond the fact that the contract is in writing, and no possession of the premises is alleged, and no equitable facts are stated, and no circumstances shown beyond the recitals of the terms of the written contract, which cannot be regarded as averments of the pleader, beyond its covenants, a general demurrer to the complaint should have been sustained, and it was error to overrule it.

ID.—AMENDMENT TO CONFORM TO PROOFS—CAUSE OF ACTION NOT AIDED
—REVERSAL.—It was not error to allow an amendment of the com-
plaint to conform to the proofs; but where it appears that the
amended complaint does not aid the cause of action, the judgment
for the plaintiff must be reversed, with instructions to sustain
defendant's demurrer to the complaint.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

Bicknell, Gibson, Trask, Dunn & Crutcher, and Edward
E. Bacon, for Appellant.

Tanner, Taft & Odell, for Respondent.

TAGGART, J.—Action to enforce specific performance of
contract to convey real estate. Defendant appeals from
judgment in favor of plaintiff, and from an order denying
its motion for a new trial.

The complaint alleges that on the fifteenth day of Febru-
ary, 1902, plaintiff and defendant entered into an agree-
ment in writing (setting it out in full). From this writing
it appears that defendant agreed to sell to plaintiff certain
real estate at Hermosa Beach for $135. That plaintiff paid
$45 cash, and agreed to pay $45 on or before October 2, 1902,
and $45 on or before April 2, 1903, with interest at seven
per cent on deferred payments from October 2, 1901. The
deed was to be delivered upon the completion of the terms
of the contract. Time is made of the essence of the con-
tract, and upon default in payment of any installment of
principal or interest, or the payment of taxes on the property
(which plaintiff assumes), "the whole of said principal and
interest shall be due and payable, or this agreement may be
rescinded," at the option of the defendant.

It is further alleged in the complaint that plaintiff paid
to defendant the first payment as provided, and the second
one on October 23, 1902, together with interest thereon to
October 2, 1902; that on March 22, 1904, he paid the sum
of $6.30, being the interest on the last payment to February
15, 1904, and on December 14, 1905, he paid the further sum

8 Cal. App.—23

of $7.10, being the interest on said last payment to January 1, 1906. That defendant accepted each and all of said payments without objection. That plaintiff performed all the conditions on his part to be performed, and on February 3, 1906, tendered the last payment with interest, but defendant refused to accept it, and that again on February 7th he tendered said payment and interest, and demanded a deed, which was refused. To this complaint defendant interposed a general demurrer, which was overruled.

The case was tried on June 27, 1906, and by leave of the court an amendment to the complaint was filed July 24, 1906. (The findings being dated August 2, 1906.)

In the respect in which appellant contends in support of its demurrer that the complaint is defective, the latter is not aided by the amendment. It is thoroughly settled in this state that a complaint for a specific performance must, in order to make out a case good against general demurrer, state facts from which the court may determine that the consideration is adequate, and that the contract is, as to the defendant, just and reasonable. It is incumbent upon the plaintiff to state such facts as will enable the court to decide whether the contract is of such a character that it would not be inequitable to enforce it. (Civ. Code, sec. 3391; *Herzog* v. *Atchison etc. R. R. Co.*, 153 Cal. 496, [95 Pac. 898].) Specific performance is an equitable remedy, and it is incumbent upon the plaintiff in an action of this character to show, both in the averments of his pleading and in the evidence at the trial, that he is entitled to the equitable relief which he seeks. (*Windsor* v. *Miner*, 124 Cal. 494, [57 Pac. 386].)

There is no allegation that plaintiff was in possession of the premises, and no such facts are here alleged as those set out in the complaint for specific performance before the supreme court in *Fleishman* v. *Woods*, 135 Cal. 256, [67 Pac. 276]. The contract there under consideration was held just and fair, and not inequitable to enforce, because of the peculiar circumstances of that case.

"The complaint contains no allegation to the effect that there was any consideration for the contract, except by the averment that it was in writing, which fact, under our code, imports a consideration. Nor are any of the circumstances under which the contract was entered into shown, otherwise

than by the recitals found in the written contract. These cannot be regarded as averments of the pleader, at all events, beyond the covenants 'found in it, of which specific performance is asked,'' says Temple, J., in *Stiles* v. *Cain*, 134 Cal. 171, [66 Pac. 231]. This language and law are applicable to the case at bar, and the general demurrer to the complaint should have been sustained.

There was no error in permitting the plaintiff to file an amendment to the complaint for the purpose of making it conform to the proof. Indeed, it seems to be the proper rule for a trial court to require such an amendment to be made where an issue, material to the determination of the case, has been tried without being presented in the pleadings, rather than to have a mistrial result from the variance. (*Hancock* v. *Board etc.*, 140 Cal. 554, [74 Pac. 44]; *Hedstrom* v. *Union Trust Co.*, 7 Cal. App. 278, [94 Pac. 386].)

Judgment reversed, with instructions to sustain defendant's demurrer to the complaint.

Allen, P. J., and Shaw, J., concurred.