[Civ. No. 724. Second Appellate District.—December 21, 1909.]

# CHARLES ALBERT, Appellant, v. CHARLES C. ALBERT, Respondent.

CONTEST OF RIGHT TO PURCHASE SCHOOL LANDS—ASSIGNMENT OF CERTIFICATE OF PURCHASE BY DEFENDANT TO PLAINTIFF—INSUFFICIENT DEFENSE—CONDITIONAL DELIVERY.—In a contest of the right to purchase state school lands, where the complaint alleges an assignment and delivery of a certificate of purchase from the defendant to the plaintiff, and the answer does not directly deny the same, but alleges that the delivery was conditional and the assignment was not to take effect until a mortgage on the premises should be first paid by the assignee, such answer presents no defense to the assignment and delivery.

ID.—CODE RULE AGAINST CONDITIONAL DELIVERY OF DEEDS APPLICABLE. The rule established by section 1056 of the Civil Code that a deed cannot be delivered conditionally is equally applicable to transfers by deed or assignment of a certificate of purchase, which represents an interest in real property.

ID.—INTEREST IN CERTIFICATE SUBJECT TO SALE BY DEED OR ASSIGNMENT EXECUTED AND ACKNOWLEDGED—QUERY.—The interest in a certificate of purchase is by section 3515 of the Political Code, subject to sale by deed or assignment executed and acknowledged before any officer authorized by law to take acknowledgments of conveyances of real property. Query, whether an acknowledgment is necessary as between the parties.

ID.—GENERAL RULE AGAINST CONDITIONAL DELIVERY NOT EXPRESSED IN INSTRUMENT.—If the delivery be to the party to whom it is made, though upon an express condition, not appearing upon the face of the deed, that it is to take effect only upon certain conditions, whatever may be the form of the words, the delivery is absolute, and the deed takes effect immediately.

ID.—WRITTEN ASSIGNMENT OF CERTIFICATE OF PURCHASE NOT TO BE VARIED BY PAROL EVIDENCE.—To permit the introduction of oral evidence tending to establish an agreement contrary to the plain import of the written assignment of the certificate of purchase

delivered to the plaintiff, which on its face is absolute, would be in direct violation of the cardinal rule that the terms of a written instrument cannot be varied or altered by evidence resting in parol.

ID.—PAROL EVIDENCE TO SHOW WANT OF DELIVERY—INAPPLICABLE RULE.—The rule that parol evidence is admissible to show that no delivery of any kind was effected is inapplicable to the present case, since the pleadings admit the execution and delivery of the assignment, and the only question urged is that the assignment and delivery were conditional, which can only be determined from the language of the instrument, the operation and effect of which cannot be abridged or limited by attaching thereto parol conditions and qualifications.

ID.—FINDING BASED UPON INADMISSIBLE ORAL EVIDENCE UNSUPPORTED. A finding based upon oral evidence, the admission of which constituted prejudicial error, cannot be permitted to stand.

ID.—RESCISSION OF EXECUTED ASSIGNMENT UNTENABLE.—A plea and finding of the rescission of the executed assignment by consent, without a reassignment thereof to defendant, is untenable in law. Rescission for failure of consideration or breach of contract presupposes an executory contract, and cannot apply to a fully executed assignment of a certificate of purchase.

ID.—EFFECT OF BREACH OF EXECUTORY CONTRACT TO PAY MORTGAGE— ACTION FOR DAMAGES.—The breach of the executory contract to pay the mortgage in consideration of the executed and delivered assignment could not warrant a rescission or revesting of the property in defendant under section 1689 of the Civil Code, but only gave to the defendant a cause of action for damages only.

ID.—AGREEMENT FOR RETRANSFER UPON PAYMENT OF MORTGAGE BY DEFENDANT—SPECIFIC PERFORMANCE.—An agreement for a retransfer of the certificate of purchase upon the payment of the note and mortgage by defendant constituted a distinct transaction, giving a remedy, if at all, by an action for specific performance.

ID.—CAUSE OF ACTION FOR SPECIFIC PERFORMANCE NOT ESTABLISHED.— The defendant has failed to establish a cause of action for a specific performance. A parol contract to convey an interest in land is not binding under the statute of frauds; and acts of part performance sufficient to take the case out of the statute are not established, for though it is alleged and found that the purchase money was paid, an issue tendered by the pleadings as to possession of the land or improvements thereon, is not passed upon in the findings.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Rowen Irwin, for Appellant.

Chas. N. Sears, for Respondent.

SHAW, J.—This action involves a contest over the right to purchase certain school lands of the state. Judgment went for defendant, from which, and an order denying his motion for a new trial, plaintiff appeals.

On May 7, 1896, a certificate of purchase of the lands involved was duly issued to defendant, Charles C. Albert. On November 25, 1904, pursuant to the provisions of section 3518, Political·Code, he made application to the register of the state land office for the issuance to him of a duplicate certificate of purchase. On December 20, 1904, plaintiff duly filed in the office of said register his protest against the issuance of said duplicate certificate, claiming that he was the owner of said original certificate of purchase under an assignment thereof theretofore made to him by defendant. Whereupon, the surveyor, in accordance with the provisions of section 3414, Political Code, made his order whereby such contest was referred to the superior court of Kern county for adjudication.

The complaint alleges that in August, 1896, the certificate of purchase was, for a valuable consideration, duly and regularly assigned to plaintiff by defendant, and that ever since said date he has been the owner and holder thereof.

Not only does the answer admit the making of the assignment, but the court found that the defendant "assigned the said certificate to plaintiff Charles Albert and the same was delivered by defendant to plaintiff, which assignment purports to assign all the right, title and interest in and to" the lands described in the certificate. In paragraph 4 of the answer, "defendant alleges that at the time of the execution of said assignment of said certificate of purchase, to wit, on or about the fourth day of August, 1896, that the said certificate of purchase was assigned and delivered by the said defendant to the said plaintiff under and by virtue of an agreement between the said parties that the said plaintiff would, on or before the said note and mortgage hereinbefore

referred to (a certain note made by defendant to one Hannah
and secured by mortgage upon the real estate described in
the certificate of purchase) became due and payable, pay and
satisfy the same and thereby relieve the said defendant from
the payment thereof, and that the said execution of said cer-
tificate by the said defendant and the delivery thereof to the
said plaintiff was made absolutely upon the agreement of the
said plaintiff to pay the said note and mortgage as afore-
said, and for no other reason or consideration whatever; and
it was then and there agreed by and between the plaintiff
and defendant that said assignment should not take effect
and should not be of any force or pass any interest what-
soever to said plaintiff until said plaintiff paid and satisfied
and fully discharged the note and mortgage hereinbefore
referred to, and in the event that said plaintiff failed to pay
said note and mortgage as aforesaid, then the said plaintiff
was to reassign at once and redeliver to said defendant the
said certificate.'' The court in substance found this allega-
tion to be true, and also found ''that the said assignee,
plaintiff herein, wholly failed to comply with his agreement
so made, and failed and has ever failed to pay the amount
payable on said note,'' or any part thereof. The facts thus
alleged and found by the court to be true are supported solely
and alone by oral evidence received over plaintiff's objection.

This ruling of the court is assigned as error. Since the cer-
tificate of purchase is a contract evidencing an interest in
real property and was ''subject to sale, by deed or assign-
ment, executed and acknowledged before any officer authorized
by law to take acknowledgments of conveyances of real prop-
erty'' (Pol. Code, sec. 3515), and since the due execution and
delivery of the assignment is admitted in the pleadings, and
also found by the court (though it does not appear to have
been acknowledged. Query, whether acknowledgment requi-
site as between the parties), it would seem that the rule estab-
lished by section 1056, Civil Code, with reference to the
delivery of grants, is equally applicable to transfers by deed
or assignment of certifiate of purchase. That section provides
that a grant cannot be delivered to the grantee conditionally.
Mr. Jones, in his Law of Real Property, section 1303, says:
''If the delivery be to the party to whom it is made, though
upon the express condition, not appearing upon the face of

the deed, that it is to take effect only upon certain conditions, whatever may be the form of the words, the delivery is absolute, and the deed takes effect immediately.'' To the same ·effect is Devlin on Deeds, section 314, and *Mowry* v. *Heney,* ·86 Cal. 471, [25 Pac. 17].

Moreover, to permit the introduction of oral evidence tending to establish an agreement contrary to the plain import of the written assignment, which on its face is absolute, would be in direct violation of that cardinal rule that the terms of a written instrument cannot be varied or altered by evidence resting in parol.

Respondent cites a number of authorities in support of the proposition that the delivery of an instrument is a question of fact to be determined by oral evidence. This is necessarily true, but the question of delivery is not involved here. The answer admits, and the court finds, that the certificate was assigned and the instrument constituting the assignment was duly delivered by defendant to plaintiff. This being true, the terms and conditions of the assignment and transfer must be determined from the language of the instrument; nor can its operation and effect be abridged or limited by attaching thereto conditions and qualifications resting in parol. Finding III is based solely upon oral evidence, the admission of which constituted prejudicial error.

Defendant alleges in his answer and cross-complaint that plaintiff not only failed and neglected to perform his agreement to pay said note, but informed defendant that he was willing to, and did then and there at such time, agree with said defendant herein to redeliver and reassign the said certificate to said defendant and cross-complainant herein; that pursuant to said agreement defendant did, on or about November 25, 1902, pay said note, and at the time of said payment plaintiff stated that he had no claim on said certificate or the property whatsoever. There was evidence tending to prove the facts contained in this allegation and the court found the same to be true. It is suggested that such finding establishes a rescission by mutual consent, as well as by reason of a failure of consideration on account of plaintiff's neglect to pay said note. (Civ. Code, sec. 1689.) Rescission presupposes the existence of an executory contract, while here the contract was fully executed so far as the transfer of the cer-

tificate of purchase was concerned. The effect of its assignment, if made pursuant to the statute, was to convey absolutely to plaintiff all interest which defendant had under and by virtue thereof to the land described therein. The transfer and assignment, as averred in the answer, "was made absolutely upon the agreement of the said plaintiff to pay the said note and mortgage as aforesaid, and for no other reason or consideration whatever."

Disregarding, as we must for reasons hereinbefore stated, the conditional delivery as alleged and found by the court, it seems clear that defendant transferred the certificate to plaintiff in reliance upon the latter's promise at a future time to pay the Hannah note. Under such circumstances, the breach of plaintiff's covenant would not warrant a rescission and revesting of the property in defendant under section 1689, Civil Code, but a cause of action for damages only.

Had plaintiff given his promissory note payable at a future date for the purchase price of the certificate and made default in its payment, it could not be seriously contended that defendant would have the right to rescind the contract and have the certificate reassigned him. (*Lawrence* v. *Gayetty,* 78 Cal. 126, [12 Am. St. Rep. 29, 20 Pac. 382]; *Hartman* v. *Reed,* 50 Cal. 485.)

It is also suggested that the facts found show a parol agreement made by the parties to the effect that plaintiff would reassign and transfer the certificate to defendant, provided the latter would pay the Hannah note, thereby releasing plaintiff from his covenant to pay same, and that pursuant to such agreement defendant made said payment. Assuming this to be true, we are unable to perceive that such fact can avail defendant in securing an affirmation of the judgment. At most, the circumstances constitute a distinct transaction, wholly disconnected from the first, which could be enforced, if at all, by an action for specific performance. But defendant omits to allege the facts, if they exist, which are requisite to a sufficient complaint for specific performance. (*Stiles* v. *Hermosa Beach Land etc. Co.,* 8 Cal. App. 352, [97 Pac. 91].) Moreover, as the property evidenced by the certificate as between the parties is an interest in real estate (Pol. Code, sec. 3514; *McCabe* v. *Goodwin,* 106 Cal. 486, [39 Pac. 941]), a parol agreement for its sale and transfer is obnoxious to the

provisions of section 1973, Code of Civil Procedure. (*Hill* v. *Den*, 121 Cal. 42, [53 Pac. 642].) Nor was there such part performance as to bring the transaction within the rule laid down in section 1741, Civil Code, for the reason that, while it is found that defendant paid the purchase price, it is not found, though it is an issue raised by the pleadings, that he entered into possession of the land or made improvements thereon.

Judgment and order reversed.

Allen, P. J., and Taggart, J., concurred.