[L. A. No. 3328. Department One.—September 30, 1914.]

## VICTOR L. SCHOTT, Appellant, v. ADA L. SCHOTT, Respondent.

DEEDS—CONVEYANCES TAKEN BY GRANTEES AS JOINT TENANTS—ACTION BETWEEN CO-OWNERS.—In this action by a son against his mother for the partition of three parcels of land and the recovery of certain rents and profits from one of the parcels, wherein the mother claims that she bought all of the property, but that in consideration of the son promising to live with and care for her during the remainder of her life title to the property was taken in both their names as joint tenants, and that he has not kept his promise, the evidence is insufficient to support a finding that the first parcel was purchased by the mother with her own money or that the son's promise was made without any intention of performing it.

ID.—CONSIDERATION—SUPPORT OF ONE JOINT TENANT BY THE OTHER.—The evidence, while legally sufficient to sustain a finding that the conveyance in joint tenancy of the first parcel was in consideration of a promise on the part of the son to live with and care for the mother, does not support such a conclusion as to the second and third tracts.

ID.—PROMISE OF SUPPORT—ABSENCE OF FRAUD.—There is no foundation in the evidence for any conclusion of actual fraud as to the conveyance to the son, and there is, neither in the pleadings nor evidence, any vestige of a foundation for a conclusion of constructive fraud.

ID.—BREACH OF PROMISE TO SUPPORT—REMEDY—DAMAGES.—As to the first parcel of land, the mother's remedy for breach of the son's undertaking is, at most, an action for damages. Under all the circumstances, in the absence of fraud, actual or constructive, she has no right to rescind or to have the deed set aside.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Porter & Sutton, for Appellant.

Porter, Morgan & Parrot, for Respondent.

ANGELLOTTI, J.—Two actions were commenced by the plaintiff against the defendant. One was an action instituted in the superior court for the partition of three parcels of land

situated in the city of Los Angeles, the plaintiff claiming that he and the defendant were the owners thereof in joint tenancy. The other action was one for the recovery of certain rents and profits for one of said parcels, instituted in the justice's court, and transferred to the superior court for the reason that the defendant claimed that title to the real property was involved therein. By consent the actions were consolidated and tried together in the superior court. Judgment went for the defendant, and we have here an appeal by plaintiff from such judgment and from an order denying his motion for a new trial.

All the property involved stands on the records in plaintiff and defendant as joint tenants with the right of survivorship, the same having been acquired by three deeds from third parties, one bearing date April 30, 1907, another bearing date October 23, 1908, and the third bearing date November 18, 1908. In the first of these deeds the grantees were described as "Ada L. Schott and Victor L. Schott, . . . or the survivor of them," in the second as "Ada L. Schott and Victor L. Schott (her son) as joint tenants with the right of survivorship and not as tenants in common," and in the third deed "Ada L. Schott and Victor L. Schott, her son, as joint tenants with the right of survivorship." By her amended cross-complaint the defendant alleged substantially that she bought all of said property; "that at the time of the making of said conveyance, the plaintiff and the defendant were residing together; that the consideration for the transfer to the plaintiff of plaintiff's alleged interest in said property was that the plaintiff would continue thereafter to reside with the defendant during the balance of her life and care for, protect, comfort, and maintain her; that the plaintiff agreed to care for, protect, comfort, and maintain the defendant during the balance of her life and in consideration of such promise and for no other reason whatsoever, at all, defendant was induced to have the conveyances of the property heretofore described made to the plaintiff and the defendant in joint tenancy; that the said conveyances to the plaintiff of his alleged interest in said property were made wholly upon the aforesaid representations and for no other reason whatsoever, at all, and the plaintiff has failed and still fails to care for, protect, comfort and maintain the defendant during her old age; that the defendant verily believes that the plaintiff made the aforesaid

representations for the sole purpose of inducing this defendant to have the aforesaid property conveyed to plaintiff and defendant in joint tenancy, and that the plaintiff never had any intention to fulfill the same; that for the reasons heretofore set forth the defendant has received no consideration from the plaintiff or from any one for the conveyance of said property, to the plaintiff in joint tenancy with this defendant.''

The court found in accordance with these allegations of the cross-complaint, further finding that the plaintiff never did fulfill the promises made to defendant, but that he deserted the defendant soon after acquiring an interest in the said property.

The evidence in support of the finding that defendant purchased entirely with her own money the various parcels of real property is very unsatisfactory, but we will assume in favor of the finding of the trial court that there was sufficient evidence to legally support such finding as to the land conveyed to the parties by the second and third deeds hereinbefore referred to. As to the land described in the first deed, which is the only improved real estate here involved,—namely, lot 10 as the same is shown on a certain map entitled Strong & Dickinson's Main Street and Moneta Avenue Tract,'' the evidence is uncontradicted that a portion of the consideration was certain real property of which plaintiff had the legal title. It is true that defendant testified that she paid for such real property so standing in the name of plaintiff, and gave the property to him, ''the consideration being that he should live with me, . . . on his promise to live with me.'' Plaintiff testified positively that such property so standing in his name was purchased with his own money. Assuming the testimony of the defendant above referred to to be true it furnishes no warrant for a conclusion that such property was not the absolute property of plaintiff. Her testimony was that she gave the property to plaintiff on this promise, and there was neither any finding nor any evidence to sustain a finding that this promise was fraudulently made, or that it was not fully complied with from the time of the acquirement of the property to the time of its disposition in part exchange for the land described in the first deed. There was no foundation in the evidence for any conclusion of actual fraud as to this conveyance to plaintiff, and there was neither in the pleadings nor evidence any vestige of a foundation for a conclusion of con-

structive fraud. There was no allegation whatever in the pleadings showing any relationship of any kind between the parties, and so far as anything intimating fraud was concerned, defendant's cross-complaint proceeded entirely on the theory of the actual fraud involved in the making of a promise without any intention of performing it. The evidence, therefore, is insufficient to sustain the conclusion of the trial court that the property described in the first deed was purchased by defendant with her own money.

The property described in the first deed is the only property as to which the evidence may fairly be held to be legally sufficient to support the conclusion of the trial court that the conveyances in joint tenancy were made in consideration of any promise or undertaking on the part of plaintiff to live with and care for defendant. We say *legally* sufficient, for the evidence in support of such a conclusion as to even this property is exceedingly unsatisfactory. But there was no evidence to support such a conclusion as to the property described in the second and third deeds. So far as this appeal is concerned, this disposes of the case as to the latter property, and requires a reversal.

As to the property described in the first deed, there is nothing whatever in the evidence to sustain the conclusion of the trial court that the promise found to have been made by plaintiff was made without any intention of performing it. There is nothing in the facts shown to warrant any such inference. As a matter of fact, plaintiff did live with defendant for over two years after the time the promise was alleged to have been made, and it is not intimated that he did not during the whole of this time, faithfully do all it was claimed he promised to do. The evidence was not sufficient to support a conclusion that there was any actual fraud.

As to the property described in the first deed, defendant's remedy at most, in view of the pleadings and evidence, there being no actual fraud, was an action for damages. As was said in *Lawrence* v. *Gayetty,* 78 Cal. 132, [12 Am. St. Rep. 29, 20 Pac. 382], of a case somewhat similar in principle: "The plaintiff saw proper to accept the verbal promise of the respondent to do certain things without any agreement or understanding that the failure to do the acts as promised should be a condition, or in any way affect the validity of the deed, or entitle him to a reconveyance." Under such circum-

stances, in the absence of fraud, actual or constructive, defendant would have no right to rescind, or to have the deed set aside. (See *Hartman* v. *Reed,* 50 Cal. 485; *Lawrence* v. *Gayetty,* 78 Cal. 132, [12 Am. St. Rep. 29, 20 Pac. 382]; *Albert* v. *Albert,* 12 Cal. App. 268, [107 Pac. 156].)

It is manifest from what we have said that a reversal must be had and it appears to be unnecessary to consider other points made.

The judgment and order denying a new trial are reversed.

Shaw, J., and Sloss, J., concurred.