[Civ. No. 8266. First Appellate District, Division One.—April 28, 1932.]

GEORGE WILLIAMS, Respondent, v. CLARA REICH, Appellant.

M. C. Spicer and W. O. Graf for Appellant.

A. P. Michael Narlian and Joseph N. Beardslee for Respondent.

OGDEN, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff rescinding and setting aside, upon the ground of failure of consideration, a conveyance of real estate executed by plaintiff to defendant and a written agreement entered into by the parties, the terms of which are set forth below.

The complaint contains three counts. The first count alleges the conveyance to defendant by plaintiff of three parcels of property by deed executed upon the sole consideration of the promise of defendant to marry plaintiff; the subsequent execution by defendant of a reconveyance to plaintiff of parcels two and three thereof and the execution of a written agreement by the parties providing that at the expiration of five years defendant shall convey to plaintiff a one-half interest in and to parcel one, or, if it

be sold or exchanged before that time, pay to plaintiff one-half of the proceeds thereof, and that during said five years defendant shall be entitled to the sole use and possession of the premises, plaintiff therein covenanting to pay the unpaid balance of the purchase price thereof and not to molest or interfere with the title or possession of defendant during said period. The original complaint alleged duress in the execution of this agreement, but during the course of the trial an amendment was allowed substituting for such allegations one to the effect that the agreement was entered into by plaintiff upon the sole consideration of a continued promise of marriage. It was further alleged that after the execution of the conveyance and the erection of a dwelling-house thereon by plaintiff, and subsequent to the written agreement, defendant refused to comply with her promise of marriage and that the consideration for both the execution of the conveyance and the written agreement by plaintiff had entirely failed. Whereupon plaintiff prayed that they both be set aside and canceled. The sceond and third causes of action concern alleged amounts of money due plaintiff on account of advances and rent for the use of the premises, but as judgment was rendered against appellant on the first count only they are unimportant here. Judgment was rendered canceling the deed of conveyance to the first parcel and the written agreement referred to above, directing defendant to execute and deliver a deed to the premises to plaintiff, and to deliver to him possession thereof.

The findings of the trial court upon which the judgment is based follow the language of the complaint as amended and are substantially as follows: That in February, 1927, the defendant promised to marry the plaintiff provided he would convey to her three parcels of real property and erect a dwelling-house upon parcel one thereof; that, in reliance thereon and in sole consideration thereof, the plaintiff did execute and deliver to defendant deeds to said parcels and erected a dwelling-house upon parcel one thereof; that, on or about the tenth day of May, 1928, the defendant reconveyed to plaintiff parcels two and three and entered into the written agreement with plaintiff set forth in the complaint and hereinabove described; that the only consideration for the execution of the written agreement by

plaintiff was the continued promise of marriage of defendant; that thereafter defendant refused to comply with her promise to marry plaintiff or to reconvey to him parcel one despite the repeated demands therefor of plaintiff; that the only consideration for the execution and delivery of said deed of conveyance to parcel one has wholly failed by reason of the refusal of defendant to marry plaintiff and that the property so deeded by plaintiff to defendant was in trust only for the benefit of plaintiff under said promise of marriage. From these facts the trial court concluded that the consideration for the execution and delivery of the deed to parcel one of the real property has wholly failed and that by reason thereof the plaintiff is the owner of said parcel and entitled to a deed thereto from defendant, and that the deed of conveyance and the written agreement be canceled and annulled.

It is apparent from the foregoing that the judgment canceling both the deed of conveyance to the property and the agreement of the parties is predicated solely upon a failure of consideration in that the promise of marriage was not performed.

Although, in general, instruments will be canceled by courts of equity for failure of consideration in a material respect (secs. 1689 and 3406, Civ. Code), this is not the rule in the case of an executed conveyance to land. It has been repeatedly held that, in the absence of fraud, a conveyance of real estate, fully executed on the part of the grantor, cannot be set aside for a failure of consideration on the sole ground that the promises and agreements, not amounting to conditions subsequent, which induced its execution, and which by the terms of the contract under which the deed is made were not to be performed until after its execution, have not been performed. (*Lawrence* v. *Gayetty,* 78 Cal. 126 [12 Am. St. Rep. 29, 20 Pac. 382]; *Schott* v. *Schott,* 168 Cal. 342 [143 Pac. 595, 597]; *Duckworth* v. *Watsonville Water etc. Co.,* 170 Cal. 425 [150 Pac. 58]; *Tillaux* v. *Tillaux,* 115 Cal. 663 [47 Pac. 691]; *Tisdale* v. *Bryant,* 38 Cal. App. 750 [177 Pac. 510]; *White* v. *Hendley,* 35 Cal. App. 267 [169 Pac. 710].)

Respondent relies upon the cases of *More* v. *More,* 133 Cal. 489 [65 Pac. 1044], *Brison* v. *Brison,* 90 Cal. 323 [27 Pac. 186], *McRae* v. *McRae,* 67 Cal. App. 480 [227 Pac.

933], and *Muir* v. *Hamilton*, 152 Cal. 634 [93 Pac. 857]. But in each of these cases fraud was involved, rendering them inapplicable to the case at bar. Fraud, either actual or constructive, is neither alleged nor found in the case before us. There is no allegation or finding that the promise of marriage, which the court found to be the sole consideration for the execution of the deed, was made fraudulently or without any intention to perform the same.

 Nor can the promise to marry respondent be considered as a condition subsequent. The record does not show, nor is it found, that there was any agreement by appellant to reconvey if she did not marry respondent. The deed of conveyance appears to have been absolute and unconditional.

As stated in *Schott* v. *Schott, supra:* " 'The plaintiff saw proper to accept the verbal promise of the respondent to do certain things without any agreement or understanding that the failure to do the acts as promised should be a condition, or in any way affect the validity of the deed, or entitle him to a reconveyance.' Under such circumstances, in the absence of fraud, actual or constructive, defendant would have no right to rescind, or to have the deed set aside.''

 Although there is in the record some testimony tending to indicate that the property was originally conveyed to appellant in trust as a matter of convenience, according to respondent in order that she might manage it while he was away, and according to the appellant to avoid recovery upon a contemplated judgment, such was not the theory of the pleadings or of the findings and cannot be relied upon by respondent upon this appeal.

 Nor can the finding, that the only consideration for the execution of the written agreement was the continued promise of appellant to marry respondent, be sustained. The covenant, expressed in the agreement itself, on the part of appellant to reconvey to respondent a one-half interest in the property at the expiration of five years constitutes ample consideration for its execution by respondent. Appellant thereby obligated herself to do that which, so far as the findings indicate at least, she was not legally bound to do.

From the foregoing it appears unnecessary to discuss the further contentions of appellant relating to the failure of respondent to give notice of rescission and whether the cause of action was changed by amendments to the complaint filed during the course of the trial.

The judgment is reversed.

Knight, J., and Tyler, P. J., concurred.