[Civ. No. 4595. Fourth Dist. Aug. 14, 1953.]

LEE REAMS, Plaintiff, v. IMPERIAL HORSEMEN'S ASSOCIATION (a Corporation), Respondent; C. C. CUIN, Appellant.

Sturdevant & Kimball for Appellant.

Dickenson & Sattinger for Respondent.

MUSSELL, J.—This is an appeal from an order of the Superior Court of Imperial County directing the clerk thereof to enter satisfaction in full of a judgment in the sum of $571.25, plus interest and costs, obtained by plaintiff Lee Reams against the defendant corporation. The judgment was dated April 10, 1951, and was assigned to one C. C. Cuin. Thereafter, on October 18, 1951, a tender in the amount of $707.38 was made to Cuin as payment of the principal, interest and costs due on the judgment. No objection to the form or amount of the tender was made by Cuin. However, he refused to accept it and the amount thereof was deposited in Cuin's bank account by C. W. Dickenson, an attorney who represents the defendant in the instant action, and notice of the deposit was sent to Cuin.

On December 29, 1951, defendant filed a motion for an order compelling the plaintiff or his assignee of record, C. C. Cuin, to give an acknowledgment of satisfaction of judgment in the instant action and to compel Cuin to make an endorsement of satisfaction on the face or margin of the judgment. The motion was made on the grounds that the judgment had been satisfied by payment thereof and that the said C. C. Cuin had refused to give an acknowledgment of satisfaction thereof or make an endorsement on the record of such payment.

A hearing was had on January 4, 1952, at which time the attorneys for appellant opposed the motion on the grounds that the corporate powers of the defendant corporation had been suspended and the judgment had been used by Cuin in redeeming property of the corporation sold under a prior judgment against it. At this hearing the attorneys for appellants requested a continuance of the matter to enable them to obtain a certified copy of an order suspending the cor-

porate rights and powers of the defendant corporation. The trial court, however, decided to hear the testimony of the witnesses then present so that they would not have to attend another hearing, and after their testimony was introduced, continued the matter to January 24, 1952. On this date a notice of suspension of the corporate powers of the defendant was filed in opposition to defendant's motion and defendant then put in evidence a certificate of revivor of defendant's corporate powers, which certificate was issued by the Franchise Tax Board. Counsel for defendant then made an oral motion for a satisfaction of judgment and asked the court to consider the evidence which had been theretofore presented in connection with the motion. This request was granted and the matter was submitted for decision.

On August 29, 1952, the trial court ordered the clerk to enter satisfaction in full of the judgment. Plaintiff and C. C. Cuin appeal from the said order.

■ Appellants' first argument that the suspension of the corporate powers of the defendant corporation was a bar to the motion is without merit. While the corporate powers of defendant were apparently suspended when the motion to enter satisfaction of the judgment was first made, the corporation was relieved from the suspension by the certificate of revivor before the second motion was made and the matter was finally submitted for decision. Under the circumstances presented by the record, the prior suspension was not a bar to the motion. (*Hall* v. *Citizens Nat. Tr. & Sav. Bank,* 53 Cal.App.2d 625, 630 [128 P.2d 545].)

■ Appellants' argument that the use of the judgment by appellant C. C. Cuin in the redemption proceedings referred to was a defense to defendant's motion is likewise untenable. Apparently Cuin used the judgment here involved, together with the assignment thereof, to attempt to effect a redemption of property of defendant corporation sold at a sheriff's sale in another action against the corporation. It is unnecessary to pass upon the question of whether a redemption was effected in that action as there was no sale of defendant's property under the judgment here involved and it had not been satisfied of record at the time defendant's motion was submitted to the court for decision.

Order affirmed.

Barnard, P. J., concurred.