Doris SCHMIDT, Appellant,

v.

Clement F. SCHMIDT, Appellee.

Court of Appeals of Kentucky.

March 3, 1961.

Daniel B. Boone, Henry A. Triplett, Louise B. Dahl, Louisville, for appellant.

Harry L. Hargadon, of Hargadon, Hargadon & Bennett, Louisville, for appellee.

STANLEY, Commissioner.

The appeal by Doris Schmidt is from a judgment that she and the appellee, Clement F. Schmidt, were joint tenants of residence property in Louisville and that same should be sold and the proceeds divided between them after the satisfaction of certain mortgage liens and the reimbursement of Mrs. Schmidt of $5,838.85 which she had paid on the purchase price, liens and improvements of the property.

The property was conveyed to Clement and Doris Schmidt, purportedly as husband and wife, or the survivor. The appellant contends that the court should adjudge her to be the sole owner of the property under the law of rescission for failure of consideration moving from the appellee, and, as well, the equitable principle of a constructive trust.

The setting of the case is unusual. The parties were divorced in March, 1952, and by agreement Mrs. Schmidt received in settlement of her property rights and alimony her husband's interest in another house and lot which they owned jointly. Soon after the divorce Doris married Harry Smith and put into property jointly conveyed to them the money she had received from the sale of her former home. This marriage lasted only one week. She left Harry while on their honeymoon, returned to Louisville and promptly consulted her former husband, Clement Schmidt, about her troubles. She proposed that they be reconciled, buy another home and start over again. Remarriage was contemplated when she should be divorced from Harry. In that divorce decree Doris recovered the money she had put in the home of her new husband and herself. Pending that divorce she and her former husband, Clement Schmidt, had picked out a new home, and she made the downpayment on it.

On the day after Doris' divorce from Harry Smith, which was entered March 3, 1953, title to the property involved in this case was taken as above stated. The cost

was $16,300. Doris and Clement moved in and lived there as husband and wife from March 31, 1953, until some time in September, 1957. A child was born to them during this period. They had had a child while married. The appellant contends that title to the property was taken jointly in consideration of Clement's promise that they would be remarried. According to her testimony, he refused to have the ceremony performed. She also testified that she had paid all that was ever paid on the purchase price of the property.

Clement's testimony is that he had never refused to remarry Doris. He testified that he had wanted to remarry her but she wouldn't even discuss the subject. The parties agree that as the relationship was breaking up, Clement offered to marry appellee in order to legitimatize the child and that then Doris expressly refused to be married. Her explanation is that having gone so long without marriage, it would be no use at that late date. Clement's evidence is that during their common-law marriage relationship, he shared in the payments on the lien debts. It does not appear that either of these parties ever made any overt move to remarry.

■ The trial court found as a fact that title to the property was taken in the manner stated in contemplation of remarriage, and that "the proof does not indicate that either of the parties was more at fault than the other for such failure to remarry." Both parties had been employed at fair salary. The court found that payments on the mortgage were made from their pooled income without any evidence that one had paid more than the other. We regard the evidence as sustaining the trial court's findings of fact. The conclusion of law was that the purpose of acquiring the property in joint ownership having failed through the joint fault of the parties, the property should be sold for division of the proceeds.

It is, therefore, apparent that the essential factual basis upon which the appellant's argument of rescission and constructive trust depends has not been sustained.

■ It is not to be questioned that rescission of a contract or deed is sometimes authorized where one of the parties failed to perform a mutual and dependent covenant which was a condition of the agreement or conveyance or where a party obtained a benefit by a deceptive promise or fraud. Dudley v. Herring, 98 S.W. 289, 30 Ky.Law Rep. 270; Adkins v. Adkins, 171 Ky. 762, 188 S.W. 843; Bostic v. Bostic, Ky., 264 S.W.2d 59. In Williams v. Reich, 123 Cal.App. 128, 10 P.2d 1030, it was held that in the absence of fraud a conveyance made upon an unfulfilled promise to marry the grantor should not be canceled for failure of consideration solely because of the unfulfillment of such promise. A party seeking rescission because of the default of the other party to perform his commitment must show that he or she was free from fault in relation to the obligation which he or she claims the adverse party failed to perform. Johnson v. Stumbo, 277 Ky. 301, 126 S.W.2d 165, 174; 12 Am.Jur., Contracts, § 438; 26 C.J.S. Deeds § 69, p. 792. Where the parties are in pari delicto a court of equity will not grant relief to either. Carpenter v. Arnett, 265 Ky. 246, 96 S.W.2d 693. And it is a rule of general application that upon conflicting evidence it is a question of fact as to which party breached the contract. In this case the court determined both parties were in fault.

We are of opinion the judgment is correct and should be, as it is,

Affirmed.