BUSY STORES CORPORATION *v.* CHRONISTER.

4-4852

Opinion delivered December 13, 1937.

*Rose, Hemingway, Cantrell & Loughborough* and *George R. Smith,* for appellant.

*Charles W. Mehaffy,* for appellees.

SMITH, J. The Farmers Bank & Trust Company was a corporation engaged in the banking business at Russellville, and on December 2, 1931, the Busy Stores Corporation had on deposit with it the sum of $1,330.78. On the date stated the doors of the bank were closed by the State Bank Commissioner, and J. S. Turner was named liquidating agent by the commissioner to take over its assets for the purpose of liquidation.

W. J. Chronister was an officer, stockholder and depositor of the bank. After Turner's appointment as liquidating agent Chronister proposed to the State Bank Commissioner that if he were permitted to take charge of and liquidate the assets of the bank he would pay the general depositors at least forty per cent. of the amount of their deposits after paying certain trust deposits in full. The proposition was made subject to the approval of a committee of the depositors, and after that approval had been obtained Chronister was ap-

pointed liquidating agent, and executed a bond in the sum of $20,000, conditioned upon the faithful performance of the proposition stated. This bond required Chronister to make a fidelity bond, in addition to his $20,000 bond, of the same kind and character as had been executed by Turner. It was recited in this $20,000 special bond that "All funds collected are to be paid out under and with the authority of the State Banking Department and reports are to be made to the chancery court as are now made by the liquidating agent." Suit was brought by the appellant, Busy Stores Corporation, against Chronister and the sureties on his $20,000 bond to recover forty per cent. of the amount of appellant's deposit.

The Bank Commissioner had previously brought suit on this bond, in which he prayed judgment on behalf of all the general depositors for forty per cent. of their respective deposits. Chronister and his sureties filed a motion to dismiss this suit, which was overruled. Later a consent judgment was entered in the suit filed by the Bank Commissioner against Chronister and his sureties, in which it was recited that an agreement had been reached whereby Chronister and his sureties should pay in court the sum of $500 in full satisfaction and settlement of all claims and demands of the depositors. That sum having been paid into court it was adjudged that the plaintiff Bank Commissioner take nothing further by his suit and that Chronister and his sureties be relieved of any and all liability under said bond to the creditors or depositors of the bank. This judgment was rendered September 5, 1936.

Upon the entry of this judgment a second motion was filed by Chronister and his sureties to dismiss the suit brought by appellant, which motion was sustained and this cause of action dismissed, from which judgment of dismissal is this appeal.

Before the consent judgment was entered dismissing the suit of the Bank Commissioner an order was entered by the chancery court on June 5, 1934, upon the petition of the Bank Commissioner appointing one Ben-

ton Garrett successor to W. J. Chronister as special deputy Bank Commissioner in charge of the insolvent bank "for the purpose of reducing the overhead expenses of said trust and to expedite its final liquidation." The effect of this order was, of course, to thereafter deprive Chronister of any benefit or advantage which the execution of his $20,000 bond was intended to give. It does not appear, from the record before us, why the circuit court permitted the entry of the consent judgment, which, in the absence of any explanation, appears very improvident.

Chronister did not purchase the assets of the bank. That contention is not made. He was appointed liquidating agent, in succession to Turner, with the same duty to report his administration to the chancery court. His $20,000 bond imposed upon him the additional obligation stated above, but the obligation of that bond was remitted and discharged by the consent judgment. The Bank Commissioner did not surrender his control of the insolvent bank and its assets. As has been said, there was no sale thereof to Chronister. For reasons, unexplained here, but which, no doubt, were satisfactory to himself, the Bank Commissioner caused Chronister to be removed and Garrett to be appointed as his successor, and that action was approved by the chancery court. It was within the jurisdiction of the chancery court to enter this order approving the removal of one liquidating agent and the appointment of another, and that order is not now before us for review. There are no allegations of fraud on the part of the Bank Commissioner, and it is not claimed that any fraud was practiced upon the court in procuring the rendition of the consent judgment of settlement. The statutes authorizing the Bank Commissioner to take charge of insolvent banks, as construed in the case of *Lummus Cotton Gin Co.* v. *Taylor,* 188 Ark. 100, 64 S. W. 2d 90, confers a wide discretion upon the Bank Commissioner in the matter of selling property and compounding doubtful debts, subject, however, to the approval of the chancery court having jurisdiction of the bank's liquidation.

Whether the settlement made has been or should be approved by the chancery court is a subject addressed to its discretion and decree.

The judgment of the circuit court dismissing plaintiff's suit on Chronister's bond is, therefore, affirmed.