## McCARTY v. CHRISTIE et al.

A NOTE for five hundred dollars by an insolvent, to the order of Alfred McCarty, is insufficiently described where the schedule simply states, "Alfred McCarty, borrowed money, April, 1855, $500;" and a discharge in such case is no bar to a suit on the note.

The payment by a judgment debtor of the judgment, after a Sheriff's sale, extinguishes the lien; and the fact that he takes a transfer of the certificate and the Sheriff's deed, instead of a certificate of redemption, cannot divest the lien of a subsequent judgment.

APPEAL from the Eleventh District.

Suit on a note and mortgage executed jointly by defendants, Christie and Mitchell. The note was to the order of plaintiff, and dated April 3, 1855. On the 8th day of May, 1854, defendants had executed a note and mortgage on the same property to one Gallagher to secure the payment of $700. A judgment on this note and mortgage to Gallagher was had in the District Court of the Eleventh Judicial District, on the 19th of November, 1855. The property was sold under said judgment on the

25th of December, 1855; Gallagher was the purchaser, and the certificate was issued by the Sheriff to him. The defendant, A. J. Christie, about the expiration of the time of redemption, purchased Gallagher's title to the property, took an assignment of the certificate of sale, and received a deed from the Sheriff upon the expiration of the six months. In May, 1855, defendant, Christie, married, and since that time resided on the property and occupied it as a homestead. In December, 1855, the defendant, Christie, as an insolvent, was discharged from his debts, the note sued on being on his schedule under the following description, to wit: "Alfred McCarty borrowed money, April, 1855; $500." Defendant, Christie, answered, admitting the note sued on, but setting up his discharge in insolvency, his claim of homestead, and asking that his wife be made a party. Judgment for plaintiff on the note, and that the property mortgaged be sold. Defendant appealed.

*Sanderson & Newell*, for Appellant.

The record presents the question: Did the title of Gallagher (purchased by Christie) inure to the benefit of the present plaintiff by virtue of his mortgage on the premises? If it did, the decree upon this point is correct. If it did not, the decree is erroneous. We hold that the title did not inure to the benefit of plaintiff, and in support of that position, cite the case of Clark *v.* Baker *et al.* (Oct. Term, 1858.)

The proceedings in insolvency were regular, and the note is sufficiently described.

*Thomas H. Hewes*, for Respondent, to the point, that the discharge of Christie was no bar to the action, cited McAllister *v.* Strode, (7 Cal. 428;) Judson *v.* Atwill, (9 Cal. 477.) But conceding the discharge to have been regular, the lien by mortgage was not affected by it. (Cummings *v.* Brady, Oct. Term, 1858.)

The purchase by defendant, Christie, of Gallagher's interest in the property, simply extinguished the lien of his judgment. After the sale under this judgment, and before the Sheriff's deed, the title still remained in Christie. (McMillan *v.* Richards, 9 Cal. 365; Cummings *v.* Coe, 10 Id. 529.) And the effect of Christie's purchase was to buy a demand against himself. In

short, he paid off the prior mortgage, and left plaintiff's lien intact.

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

There is no error in the judgment.   The insolvent proceedings constituted no bar to plaintiff's claim, for the reason that defendants' schedule contained no sufficient description of plaintiff's demand.

The payment of Gallagher's judgment operated to extinguish the prior lien, and the fact that the judgment debtor took a transfer of the certificate of sale and a Sheriff's deed, instead of a certificate of redemption, could not operate to divest plaintiff's lien.

Judgment affirmed.