[No. 13186.   Department Two.—February 26, 1890.]

## JOHN STANTON, RESPONDENT, v. H. W. FRENCH, CONSTABLE, ETC., APPELLANT.

REFUSAL OF PROPER INSTRUCTIONS—REVIEW ON APPEAL. — When proper instructions are refused, and the record on appeal shows affirmatively that there were no other such instructions given, the judgment must be reversed.

EXEMPTION FROM EXECUTION — PEDDLER — JOINT OWNERSHIP OF HUSBAND AND WIFE — WIFE'S SEPARATE PROPERTY. — Property owned jointly by the judgment debtor and his wife cannot be claimed as wholly exempt from seizure, under execution against them jointly, upon the ground that the husband is a peddler of bread, habitually earning his living by the use of the property; and he cannot recover the interest of the wife in such property which has been sold under execution. The husband cannot claim any exemption on account of the separate property of his wife.

ID. — WAIVER OF EXEMPTION. — Exemption of property from execution is a personal privilege of the debtor, and is waived by failure to claim it as exempt within a reasonable time after it has been seized under execution.

ID. — RECEIPT OF PROCEEDS OF EXEMPT PROPERTY — HUSBAND AND WIFE — AGENCY OF WIFE. — If the wife of the debtor has been in the habit of transacting business for him, and receiving and paying out money with his consent, her receipt of the proceeds of sale of property claimed as exempt, in her husband's presence, and without objection from him, is a payment to him; but if no agency appears for the husband, the reception by the wife of the surplus proceeds of the sale, after satisfaction of the execution, will not constitute a waiver of the husband's claim of exemption.

ID. — JOINT NOTICE OF CLAIM OF EXEMPTION — HUSBAND AND WIFE. — A notice of claim of exemption from execution signed by two persons is sufficient as a claim for either separately; and the fact that a claim of exemption made by a husband is also made and signed by his wife does not invalidate his claim.

APPEAL from a judgment of the Superior Court of the county of Merced, and from an order denying a new trial.

The instructions asked by defendant numbered 5, 6, 8, and 12, referred to in the opinion of the court, were as follows: "5. If you find, from the evidence, that the property mentioned in the complaint was owned by plaintiff and Mary Stanton jointly, then, notwithstanding plaintiff might have been a peddler of bread, habitually earning his living by the use of said property, defendant would have the right to levy upon and sell the interest of Mary Stanton to satisfy a judgment against her, and such sale would pass a valid title to all of her interest in the property, and plaintiff cannot recover such interest in this suit. 6. While the law exempts certain property of a judgment debtor from execution and forced sale, such exemption is a personal privilege, which may be waived by the debtor, and a failure to claim the property as exempt, when levied on to satisfy a judgment against him, within a reasonable time thereafter, is a waiver of the exemption right, and the officer selling exempt property, without such claim of exemption, is not liable for the value thereof." "8. If you find, from the evidence, that Mary Stanton, plaintiff's wife, was, at and prior to February 11, 1887, in the habit of transacting business for plaintiff, that she was in the habit of receiving and paying out money for him with his consent, then the payment of any balance from the proceeds of the sales of the property mentioned in the complaint to said Mary Stanton, in the plaintiff's presence, and without any objection from him, was a payment to him." "12. If you believe, from the evidence in this case, that plaintiff was simply engaged in delivering bread to the customers of Mary Stanton, and that she owned the bread and business, and collected and received the proceeds of the sale of this bread, then he was not a peddler, under subdivision 6 of section 690 of the Code of Civil Procedure, and is not entitled to the exemption of the property mentioned in the complaint." The following is the instruction given at request of

plaintiff: "A notice of claim of exemption from execution signed by two persons is sufficient as a claim for either separately." The notice marked "Exhibit A" was a notice to the constable, signed by Mary Stanton and John Stanton, claiming the return of certain property seized by him as being exempt from execution. Further facts are stated in the opinion of the court.

*J. K. Law*, for Appellant.

*Frank H. Farrar*, and *Breckenridge & Peck*, for Respondent.

McFARLAND, J. — This action was brought to recover the value of two horses and a wagon and harness. They were taken by defendant, as constable, under an execution against plaintiff and his wife, and sold. Plaintiff claimed the property as exempt from execution under subdivision 6 of section 690, Code of Civil Procedure, the claim being that, as a peddler, he habitually used it to earn a living. There was also in the complaint an item for the value of a certain bread-box, which was afterward withdrawn. Plaintiff recovered judgment, and defendant appeals from the judgment, and from an order denying a new trial.

The judgment will have to be reversed for the refusal of the court to give certain instructions asked by appellant. Counsel for respondent contends that the record does not show that other instructions were not given by the court, either on its own motion or at the request of one of the parties; and that, in the absence of such showing, it must be presumed that other instructions, covering the matters contained in appellant's rejected requests, *were* given. But, unfortunately for this contention, the record does show affirmatively that there were no such other instructions. It is true that at the beginning of the statement on motion for a new trial we find it stated that "the following, among other pro-

ceedings, were had and taken "; but the statement afterward shows that defendant asked the court to give thirteen instructions, marked respectively from 1 to 13; that the court refused to give those marked from 3 to 13, inclusive; that the court then gave a certain instruction asked by plaintiff; and that the "*only other instructions given to the jury* were numbered 1 and 2, asked for by defendant, and are as follows." As respondent had an opportunity to propose amendments to the statement, he should have seen to it that if there were other instructions they were put into it.

Instruction No. 7, asked by appellant and refused by the court, that "the burden of proving every material allegation of the complaint is on plaintiff, and if he fails to prove the material allegations of his complaint by a preponderance of evidence, you should find for defendant," is so much of a truism that perhaps the refusal or neglect of the court to give it should not of itself work a reversal of the judgment. But the instructions asked by defendant numbered 5, 6, 8, and 12 were correct and pertinent, and should have been given. The other instructions asked by defendant were properly refused. The instruction given at request of plaintiff was correct. We think that the document marked "Exhibit A" was a sufficient notification to the constable of a claim of exemption, and that it was not invalid because signed also by plaintiff's wife. Neither do we think that the receipt by the wife of thirteen dollars, surplus of the proceeds of the sale after satisfaction of the execution, as proved in the case, was a waiver of exemption.

We see no other material errors in the record; but for the reasons above given, the judgment must be reversed.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.