[No. 19468.    Department One.—December 15, 1894.]
# SOUTHERN CALIFORNIA LUMBER COMPANY, APPELLANT, v. S. A. McDOWELL, RESPONDENT.

FORECLOSURE SALE—REDEMPTION—MANDAMUS TO COMPEL DEED—TITLE OF DEFENDANT—ESTOPPEL OF PLAINTIFF.—Where the plaintiff obtained a decree of the superior court ordering a whole block of land to be sold by the sheriff, and purchased the whole block at the sheriff's sale as the property of the defendant in the foreclosure suit in satisfaction of the lien, and after redemption attempted by a successor of the judgment debtor, seeks from the sheriff a deed of the whole block, by writ of mandate, the plaintiff will not be heard to object to the redemption of the land on the ground that the defendant in the foreclosure suit never owned the whole block.

ID.—PRIOR SALE OF PART OF BLOCK—RIGHT OF REDEMPTION.—It is not a valid objection to a redemption of the whole block by the successor in interest of the judgment debtor that, before such redemption, the judgment debtor had sold a part of the block to another person or corporation.

ID.—CONVEYANCE BY JUDGMENT DEBTOR OF LAND NOT OWNED—RIGHT OF SUCCESSOR TO REDEEM.—Although the defendant in the foreclosure suit in fact owned only a portion of the block sold under foreclosure, which portion had been previously conveyed to a railway company, the defendant nevertheless has a sufficient interest in the property foreclosed to be entitled to redeem the whole block, and can convey or assign his remaining interest in the block for the purpose of having the certificate of redemption of the property from the sale issued in the name of his grantee, and such grantee has the right as successor in interest of the judgment debtor, within the meaning of section 701 of the Code of Civil Procedure, to redeem the property in his own name.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*H. J. Stevens*, for Appellant.

*Harry L. Titus*, for Respondent.

VANCLIEF, C.—Proceeding by writ of mandate against the defendant in his official character, as sheriff of the county of San Diego, to compel him to execute to plaintiff a deed of certain real property, to wit, block 71 of Ocean beach in the city of San Diego, with the building

thereon, said block consisting of fifty-four lots, numbered serially from No. 1 to No. 54, inclusive.

It appears that on December 1, 1888, the plaintiff obtained a decree of the superior court against the Ocean Beach Hotel Co. (a corporation), foreclosing a lien upon said block and appurtenances for the sum of two hundred and ninety-seven dollars and ten cents and costs, amounting to about seventy-five dollars.

After the entry of this decree, to wit, on March 5, 1889, the Ocean Beach Hotel Co., by a grant deed, conveyed lots numbered 1 to 19, inclusive, of said block to the San Diego, Eastern & Terminal Railway Co. (a corporation).

Afterwards, on February 24, 1890, in execution of said decree of foreclosure, the defendant, as sheriff of said county, officially sold the whole of said block to plaintiff in one parcel for the sum of four hundred and fifty-one dollars and forty cents, subject to redemption, and delivered to plaintiff a certificate of such sale in due form.

Before the expiration of the period for redemption, to wit, August 25, 1890, the Ocean Beach Hotel Co. executed to E. J. Swayne "a conveyance of all its interest in and to the property described in said petition (the whole of block No. 71), for the purpose of having the certificate of redemption of said property from said sale issued in his name."

On August 30, 1890, Swayne, as successor in interest to the Ocean Beach Hotel Co., paid to defendant seven hundred and thirty dollars and eighty-six cents for the purpose of redeeming the whole of block No. 71, and defendant accepted the same for that purpose, and issued to Swayne a certificate of redemption.

It further appears, however, that the Ocean Beach Hotel Co. never owned more than the first nineteen lots of the series of fifty-four of which the block is composed; which nineteen lots it purchased from Carlson and Higgins on December 1, 1888, and sold as aforesaid to the San Diego, Eastern & Terminal Railway Co.

The plaintiff refused to accept the redemption money deposited with the sheriff by Swayne, on the ground that Swayne was not the successor in interest of the Ocean Beach Hotel Co., and therefore not entitled to redeem.   But the court found that Swayne was successor in interest of the hotel company, and that as such he had made a valid redemption; and thereupon dismissed the proceeding.

Counsel for appellant contends that Swayne was not successor in interest of the hotel company in the sense of section 701 of the Code of Civil Procedure, which provides that property sold subject to redemption may be redeemed " by the judgment debtor, or his successor in interest in the whole or any part of the property."

As affecting the right of the hotel company (the judgment debtor) to redeem the whole block, the admitted fact that the hotel company had never obtained title to more than nineteen of the fifty-four lots of which block 71 is composed is immaterial.   The plaintiff had obtained a decree of the superior court against the hotel company ordering the whole block to be sold by the sheriff; had purchased the whole block at the sheriff's sale under that order, as the property of the hotel company, in satisfaction of its alleged lien thereon; and by virtue of such purchase now, by this suit, demands of the sheriff a deed of the whole block.

Under this state of facts the plaintiff will not be heard to object to the redemption on the ground that the hotel company never owned the whole block (*Lorenzana* v. *Camarillo*, 45 Cal. 125); nor is it a valid objection to a redemption of the whole block by the judgment debtor (hotel company) that, before such redemption, it had sold a part (nineteen lots) of the block to the San Diego, Eastern & Terminal Railway Co.   (*Yoakum* v. *Bower*, 51 Cal. 539; *Eldridge* v. *Wright*, 55 Cal. 531.)

Therefore, conceding, as we must, that the hotel company had a sufficient interest in the property to entitle it to redeem the whole block, notwithstanding its conveyance of the nineteen lots to the San Diego, Eastern

& Terminal Railway Co., it must follow that it (the judgment debtor) could convey or assign such interest to Swayne, " for the purpose of having the certificate of redemption of said property from said sale issued in his name," as expressed in the deed to Swayne, and thereby authorize and entitle Swayne to make the redemption in his own name as he did.

I think Swayne was the successor in interest of the judgment debtor in the sense of section 701 of the Code of Civil Procedure, and as such properly redeemed the property; and that the judgment should be affirmed.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.