[Civ. No. 1027. First Appellate District.—October 7, 1912.]

## F. SCHUMACHER, Respondent, v. ARTHUR B. LANGFORD, as Sheriff, etc., Appellant.

SALE UNDER EXECUTION—REDEMPTION—ADVANCEMENT TO JUDGMENT DEBTOR—CONVEYANCE TO LENDER AS SECURITY—REDEMPTION UNDER DEED.—Where money is agreed to be advanced to a judgment debtor to redeem property sold under execution, and before the money is paid, the judgment debtor entitled to redeem makes a conveyance to the lender, to enable him to redeem, and pays some money to the lender, toward the redemption, and the remainder of the money advanced was paid at the time of redemption, by the lender; such redemption was made by the lender as the successor in interest of the judgment debtor, and not as a mortgagee, and he was not required to produce a note of the record of his security, or an affidavit showing the amount due under section 705 of the Code of Civil Procedure.

ID.—NATURE OF REDEMPTION BY MORTGAGEE—RULE INAPPLICIBLE.—
When a mortgagee, as such, redeems from an execution sale, under
the provisions of section 705 of the Code of Civil Procedure, he
must be acting as such in his own interest to protect his lien
already existing, and in such case, upon the completion of the
redemption by him becomes (in default of any other lawful redemp-
tion from him) the owner of the property freed from the interest
of the judgment debtor. But this rule cannot apply to one who
is not a mortgagee, entitled to redeem as such, since his security
cannot arise until the money is actually paid for the purpose of
redemption under a title vested in him by the judgment debtor, to
enable such redemption to be made, as his successor in interest.

ID.—RELATION OF REDEMPTIONER TO TITLE—TRUSTEE AND MORTGAGEE.—
The redemptioner who takes title from the judgment debtor before
he advances the residue of the money, to enable a redemption to be
made, holds the property in the twofold capacity of trustee of the
legal title for the judgment debtor, and as his mortgagee in equity,
to secure the money actually advanced by him to effect the redemp-
tion, to take effect when the money was actually so advanced and
paid by him, and not before. Having been redeemed by the trustee
of the judgment debtor, the property was in effect redeemed by
her. A judgment debtor may convey the property to another for
the purpose of redemption.

ID.—IMPROPER MANDAMUS BY EXECUTION PURCHASER.—It is held that
the court erred in granting a *mandamus* to compel a conveyance to
the original purchaser at the execution sale, on the ground that no
legal redemption had been made in the interest of the judgment
debtor, and that the property was not lawfully redeemed by the
successor in interest of the judgment debtor, and was redeemed
solely by him as mortgagee, and was not effectively so redeemed,
for want of compliance with section 705 of the Code of Civil Pro-
cedure.

ID.—EQUITABLE PRINCIPLES GIVING TO EACH PARTY HIS DUE.—Under
proper equitable principles, each party has his due. Under the
redemption effected, the original execution purchaser has been fully
paid the amount of his purchase with the interest allowed by stat-
ute. The one who advanced part of the redemption money gets
security for the amount advanced, and the judgment debtor recovers
her property, encumbered with a lien in favor of the party advancing
the same.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order denying a new trial. J. R.
Welch, Judge.

The facts are stated in the opinion of the court.

Thomas E. Haven, H. E. Wilcox, and D. M. Burnett, for Appellant.

S. G. Tompkins, for Respondent.

KERRIGAN, J.—This action was brought for the purpose of obtaining a writ of mandate, commanding the defendant, as sheriff of the county of Santa Clara, to execute and deliver to plaintiff a deed of conveyance of certain real estate theretofore sold by him under execution. Judgment was entered as prayed, and this appeal is from such judgment and from an order denying defendant's motion for a new trial.

The facts of the case are that on December 21, 1906, a judgment was duly rendered against Ada B. Moody for a certain sum of money. On July 10, 1907, the judgment being still in full force, a writ of execution was duly issued thereon, to satisfy which the defendant, as sheriff of said county of Santa Clara, on the eighth day of August, 1907, regularly sold to the plaintiff the property described in the complaint belonging to the judgment debtor, Mrs. Ada B. Moody.

On the seventh day of August, 1908, Mrs. Moody called at the office of Herman Murphy, a loan broker doing business in San Francisco, and informed him that the following day would be the last on which he could redeem such property, and requested him to obtain for her the sum of $2,300 to assist her in effecting a redemption thereof. She already had the sum of $916.54, and she turned it over to Murphy to be used with the $2,300 to make up the sum necessary to make the redemption. Murphy arranged to have Henry S. Bridge, a client of his, advance the $2,300. For this sum a promissory note was executed by Mrs. Moody, secured by an assignment of her interest in the estate of her deceased husband; and assignment of a note and mortgage owned and held by her brother, one Guy Hinton, and a promissory note of her mother to Bridge for the sum of $2,300, secured by a deed of trust covering real estate in San Francisco. "Nothing," says the statement on appeal, "was said or done at that time or thought of with regard to a deed of the property in question in this suit from Mrs. Moody to Bridge."

On the eighth day of August (the following day) Murphy, accompanied by Mrs. Moody, went to the sheriff's office at

San Jose, and having made a proper tender of the amount of money necessary to effect a redemption, demanded a sheriff's deed to the property and requested that it be made to Bridge. The sheriff informed Murphy and Mrs. Moody that in order to obtain such deed to Bridge it would be necessary to have an assignment by the purchaser of the certificate of sale. Being unable to procure such assignment the parties were referred to the sheriff's attorney, who instructed them that in order to carry out their desire it would be necessary for Mrs. Moody to make a deed of the property to Bridge. This was done. Murphy exhibited the deed to the sheriff, and demanded a certificate of redemption in the name of Bridge, which, upon payment of the amount due, was issued as requested.

The statement on appeal shows that no arrangements had been made with regard to a deed, nor had any been thought of between the parties until it was mentioned by the sheriff's attorney, and the purpose of the deed was solely to enable Bridge to redeem in his own name.

It also appears that at the time of the transaction nothing was said by either Mrs. Moody or Murphy or anybody as to reconveying the property in case of repayment of the $2,300, and that the first mention of it was about twenty-five days afterward, when Murphy wrote a letter to Mrs. Moody stating that Bridge would reconvey the property to Mrs. Moody upon the repayment of the loan.

Upon these facts the court found that the redemption thus effected was made by Bridge as a redemptioner (mortgagee) and not as successor in interest of Mrs. Moody; and was void for the reason that Bridge, being a redemptioner under section 701 of the Code of Civil Procedure (subd. 2), had not produced to the sheriff, or served with his notice to that officer, a note of the record of his mortgage certified by the recorder, nor an affidavit showing the amount then due upon his lien, as required by section 705 of the same code.

In this we think the court erred.

A mortgagee, when redeeming from an execution sale under the provisions of section 705 of the Code of Civil Procedure, is acting in his own interest to protect his lien already existing, and upon the completion of the redemption becomes (in default of subsequent redemption by the judgment debtor

or other lienholders) the owner of the property freed from the interest of the judgment debtor. The circumstances of the redemption in this case were entirely different. It is strongly urged by the appellant that Murphy, in making the redemption, was acting in behalf of Mrs. Moody, and that there had been no agreement between them that the property when redeemed should be held by Bridge as further security for his loan; that Mrs. Moody, being unversed in legal matters and without any independent legal adviser, made the deed to Bridge, which enabled him to obtain from the sheriff the certificate of redemption, without intending anything more than a redemption in her own interest.

There is strong support in the record for this contention, but in the view we take of this case it may be freely admitted that the making of the deed from the judgment debtor to Bridge, followed by the redemption in his name with the consent of the judgment debtor, was for the purpose of affording additional security for the loan of the $2,300; and that the deed will, therefore, in equity be regarded as a mortgage. But it will not be so regarded until the advance, for which the deed is given as security, is actually made. If a deed should be made and delivered as security for a loan, and the loan never in fact made, it will hardly be contended that the grantee is in the position of a mortgagee. He would hold the mere naked legal title as trustee for the grantor. So, in the present case, when Murphy presented himself to the sheriff, produced the deed to Bridge from the judgment debtor, and demanded a certificate of redemption in the name of Bridge, it matters little whether he was acting for the judgment debtor or for Bridge, for the latter, not yet having made any loan to Mrs. Moody, being still in possession of his money, could only redeem as her successor in interest; and the deed from her to him only assumed the character of a mortgage upon the actual advance of the redemption money. It was at that precise moment that the loan to the judgment debtor was made; and until that moment Bridge held but the naked legal title. He was therefore not required, under the provisions of section 705 of the Code of Civil Procedure, to produce a note of the record of his mortgage nor an affidavit as to the amount due.

20 Cal. App.—5

If it should be contended that the $2,300 in the hands of Murphy at the time of the redemption was in his hands as the agent of Mrs. Moody and not of Bridge, then the redemption was made entirely with Mrs. Moody's money; and as Mrs. Moody had obtained the loan for the express purpose of enabling her to redeem, had added to it nearly one thousand dollars of her own money, and had gone to the sheriff's office accompanied by Murphy for the purpose of making the redemption, it must be held that the redemption was made by her and not by Bridge.

Again, regarding the redemption as having been made by Bridge, it was only incidentally for his own benefit; for Mrs. Moody, in making her deed to him and in supplying him with part of the money needed for the redemption, did so principally in order that the property might be redeemd for her; and in this view of the case, when the redemption was effected, Bridge held the property in a two-fold capacity; he was the trustee of the legal title and a mortgagee for the money advanced by him. It is a well established rule that where the purchase money is paid by one person and the conveyance is made to another ''a resulting trust immediately arises against the person to whom the land is conveyed in favor of the one by whom the purchase money is paid. . . . The same rule prevails if the money paid by the party taking the title is advanced by him as a loan to the other, and conveyance is made to the lender for the purpose of securing the loan. . . . In such case the grantee holds the double relation to the real purchaser; he is trustee of the legal title to the land, and is mortgagee for the money advanced for its purchase.'' (*Campbell* v. *Freeman,* 99 Cal. 546, [34 Pac. 113] ; *Gerety* v. *O'Sheehan,* 9 Cal. App. 447, [99 Pac. 545].) So in the present case, when the transaction is looked into, it is seen that Bridge advanced money for the purpose of redeeming the property for Mrs. Moody, taking the title in his own name, being unable to do this through Mrs. Moody's deed to him. He was thus her successor in interest, and entitled to receive from the sheriff a certificate of redemption without complying with the provisions of section 705 of the Code of Civil Procedure, relating to a mortgagee. Having been redeemed by her trustee the property was in effect redeemed by her.

(*Kofoed* v. *Gordon,* 122 Cal. 314, 325, [54 Pac. 1115].)   A judgment debtor may convey property to another for the purpose of redemption.   (*Southern Cal. L. Co.* v. *McDowell,* 105 Cal. 99, [38 Pac. 627] ; 3 Freeman on Executions, sec. 317, p. 1864; 17 Cyc. 329.)

In applying these equitable principles each party gets his due.   The plaintiff, the purchaser at the execution sale, receives back the money expended by him, plus the interest to which he is legally entitled; Bridge gets security for his advance, and the judgment debtor recovers her property, encumbered however with a lien in favor of Bridge.

The judgment and order are reversed.

Hall, J., and Lennon, P. J., concurred.