[Civ. No. 17120.   Second Dist., Div. Three.   Mar. 28, 1950.]

O. N. HASKINS, Plaintiff and Respondent, v. CERTIFIED ESCROW & MORTGAGE COMPANY (a Corporation), et al., Defendants and Respondents; EDWIN S. CONWAY, Intervener and Appellant.

William E. Empey and Andrew R. Bratter for Intervener and Appellant.

Bates S. Himes for Respondents.

SHINN, P. J.—In October, 1944, Certified Escrow and Mortgage Company, a corporation, acquired title to Lot 1, Block E, of Tract 5956, as per map recorded in Book 83, page 55 of Maps, records of Los Angeles County. In August, 1945, Olivia N. Haskins brought suit against the corporation alleging that the property had been purchased with the funds of plaintiff and J. E. Haskins; that J. E. Haskins had assigned all his interest in the property to plaintiff, and seeking a decree impressing a trust upon the property in favor of the plaintiff. Certain other relief was sought against individual defendants who filed their answer. The corporation did not defend. In September, 1945, Edwin S. Conway brought suit against the corporation and on October 9, 1945, recovered a judgment in the amount of $2,368.61, upon which he collected, through execution sales, all but $850. On February 3, 1947, Conway purchased the real property at execution sale under his judgment, for the sum of $100, leaving a deficiency of $750. On July 14, 1947, the property was conveyed by the Escrow Company to Olivia N. Haskins. The action brought by Miss Haskins not having been tried, Conway filed a complaint in intervention in February, 1948. He alleged that he had an unsatisfied judgment against the corporation, that the corporation had conveyed the property to Olivia N. Haskins, with the purpose on the part of the grantor and grantee to hinder, delay and defraud creditors of the corporation, and that at the time of the conveyance the corporation was insolvent. It was not alleged that the conveyance was made without consideration. The answer of the corporation and others to the complaint in intervention denied the charges of fraud, alleged that Conway had purchased the property at execution sale for $108, that Olivia N. Haskins had acquired from the corporation a right of redemption and had redeemed the property by the payment to Conway through the sheriff of $108 which Conway still retained. The court found that the

corporation was insolvent when the deed was given, but also found that it was not made with intent to hinder, delay or defraud creditors of the corporation. There was no finding as to whether a fair or any consideration was paid for the deed. The judgment quieted title in Olivia N. Haskins against the claims of Conway. Conway appeals.

In his briefs appellant takes the position that it was shown by undisputed evidence that the deed was given without consideration and that the corporation was insolvent, and he contends that the conveyance was fraudulent under section 3439.04 of the Civil Code, without regard to the actual intent of the grantor. Under this section, the conveyance by an insolvent without a fair consideration is fraudulent as to creditors, even though there be no actual intent to defraud. Under section 3439.07, a conveyance made with actual intent to defraud creditors is fraudulent. Appellant charged actual fraud and not constructive fraud. There was no insufficiency of the evidence to support the finding that no actual fraud existed. Having pleaded and tried his case upon the theory of actual fraud, appellant cannot be heard to say now that he made out a case of constructive fraud. It was proved that the grantor's board of directors authorized the conveyance of the property by resolution which recited that it had been purchased by the corporation with the funds of J. E. Haskins and Olivia N. Haskins, and that title was held for their use and benefit. This evidence was admissible upon the issue of actual fraud. Although J. E. Haskins testified that all the consideration had passed before the deed was given, he was not questioned as to the nature or value of the consideration. It can scarcely be doubted that the matter would have been gone into fully if appellant had pleaded that the deed was given without consideration. On the appeal he must be held to the theory upon which he relied in the trial court. (*Munfrey* v. *Cleary,* 75 Cal.App.2d 779, 785 [171 P.2d 750] ; *Williams* v. *Reich,* 123 Cal.App. 128, 132 [10 P.2d 1030].) If appellant believed at the conclusion of the trial that he was entitled to a finding as to consideration, on the theory that the issue had been actually tried, he should have requested one before the findings were signed, or on motion for a new trial. It does not appear that he did so and he cannot now urge the point. (*Tooke* v. *Allen,* 85 Cal.App.2d 230, 238-239 [192 P.2d 804] ; *Estate of Wach-older,* 76 Cal.App.2d 452 [173 P.2d 359] *; Kaiser* v. *Dalto,* 140 Cal. 167, 170 [73 P. 828].)

The principal question discussed in the briefs is

whether appellant is in a position to attack the validity of the deed of the corporation to Olivia N. Haskins. We think we should decide this question and not rest our decision solely upon the failure of appellant to establish fraud. Although it has been decided in cases to be cited that a creditor in the position of appellant may not attack a conveyance of real property as fraudulent, the question has not been passed upon since the adoption of the Uniform Fraudulent Conveyance Act and the repeal of section 3441 of the Civil Code hereinafter discussed.

A transfer in fraud of creditors may be attacked only by one who is injured by the transfer. A creditor does not sustain injury unless the transfer puts beyond his reach property which he otherwise would be able to subject to the payment of his debt. Original Civil Code section 3441 so stated the law. (See *Costa* v. *Neves,* 12 Cal.2d 121, 125 [82 P.2d 600] ; *Bennett* v. *Paulson,* 7 Cal.App.2d 120 [45 P.2d 369].) The section was repealed in 1939 at the time of the adoption of the Uniform Fraudulent Conveyance Act. We think the repeal of the section is not significant since it was merely declaratory of an established principle of equity. (See 24 Am.Jur. § 173, p. 305; 37 C.J.S. § 62, p. 908.) Cases decided under the Uniform Act have consistently held that prejudice to the plaintiff is essential to relief. (*Marsh* v. *Galbraith,* —— Tenn.App. —— [216 S.W.2d 968] ; *Kopf* v. *Engelke,* 240 Wis. 10 [1 N.W. 2d 760, 2 N.W.2d 846] ; *Stokes Coal Co.* v. *Garguilo,* 255 App. Div. 281 [7 N.Y.S.2d 414] ; *Kummet* v. *Thielen,* 210 Minn. 302 [298 N.W. 245].)

The record does not show that Conway's judgment constituted a lien upon the property by reason of its having been recorded, but if it be assumed that it had been recorded, it ceased to be a lien on the property upon the sale to Conway for the sum of $100. Conway then held only a certificate of sale and, although a deficiency remained, it was not a lien upon the property during the period of redemption. (*Simpson* v. *Castle,* 52 Cal. 644.) Under sections 701, 702 and 703, Code of Civil Procedure, the judgment debtor, his successor in interest, or creditors holding judgment or mortgage liens subsequent to that on which the property was sold, may redeem, such creditors being deemed redemptioners. Neither the debtor nor the redemptioner, in effecting a redemption, is required to pay, in addition to the amount of the sale, any unpaid amount of the judgment under which the sale was had.

Upon the execution sale Conway acquired all interest of the corporation in the property (Code Civ. Proc., § 700), except, of course, the right of redemption which remained in the debtor and which was subject to sale and transfer. The assignment of the right of redemption by the corporation to plaintiff invested the latter with the right to redeem from the execution sale without payment to Conway of the deficiency judgment. Conway voluntarily placed himself in the position of being required to accept the amount for which the sale had been made, since the effect of his purchase for less than the entire amount of his judgment was to release his lien upon the property as to the remainder. The corporation transferred to plaintiff nothing except the right of redemption, since it had no other interest. The right of redemption was an interest in the property which Conway could not reach by legal means in order to satisfy his deficiency judgment. His purchase of the property therefore was an irrevocable abandonment of his right to receive payment of the deficiency judgment in the event the corporation should transfer its right of redemption to a third party. If the property had been sold for a fair price, and in good faith, it would have been removed from Conway's reach insofar as his deficiency judgment was concerned. It is immaterial whether the deed was given for a fair consideration or no consideration, since Conway had already exhausted his rights to subject the property to the payment of his judgment. This identical situation was considered by the court in *Siegel* v. *Farrar*, 120 Cal.App. 193 [7 P.2d 319]. There the creditor, after purchasing real property at execution sale for less than the full amount of his judgment, attempted to subject the property to a second levy after it had been conveyed to the debtor's children without consideration. Although the trial court had held upon sufficient evidence that the transfer was not fraudulent, as an alternative ground of decision the District Court of Appeal held that the creditor had lost his right to enforce his judgment against the grantees. The reasoning of the court on pages 196 and 197 expresses our views and is adopted as a part of our opinion.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.