[Civ. No. 8307.   Fourth Dist., Div. Two.   Apr. 10, 1967.]

FRANK C. MOORE, Plaintiff and Appellant, v. JERRY C. HALL et al., Defendants and Respondents.

Kehiayan & Herman and Haig Kehiayan for Plaintiff and Appellant.

Audet & Storrie and Louis A. Audet for Defendants and Respondents.

McCABE, P. J.—Appeal from judgment quieting title to certain real property and enjoining plaintiff from claiming any right, title, or interest in this property, entered in the Superior Court in and for the County of San Bernardino.

From the facts which may be gleaned from the judgment roll, it appears Jerry C. Hall; his wife, Ida May Hall; and his daughter, Patricia Hall Allen, the three named defendants herein, in 1960 became owners, as joint tenants, of a subdivided lot in Lynncrest Heights in San Bernardino County. On April 13, 1961, the plaintiff obtained a judgment in the Superior Court of Los Angeles County in the sum of $7,348.49 against several defendants, including Jerry C. Hall, one of the defendants herein.

On April 20, 1961, an abstract of this judgment was recorded in San Bernardino County. Moore, the judgment creditor, on April 19, 1962, caused the sheriff to levy a writ of execution against the Lynncrest Heights lot. Just prior to the levy and on April 4, 1962, a declaration of homestead on this lot was recorded by Jerry C. and Ida May Hall.

Pursuant to this writ the sheriff caused to be published a notice of intention to sell Jerry C. Hall's interest in this lot at public sale on Friday, June 8, 1962. At that sale, held at the time and place specified by the sheriff, the property was purchased by the plaintiff for $100. Thereafter the judgment debtor, Jerry C. Hall, executed a grant deed of said property to his wife, Ida May Hall, which deed was recorded on February 20, 1963. After recording of this deed, the grantee, Ida May Hall, on May 14, 1963, and prior to the expiration of one

year, redeemed the lot from the sale to the judgment creditor, the plaintiff herein.

Thereafter the judgment creditor, Moore, learning of the redemption, again caused the interest of Jerry C. Hall in the property to be sold at a sheriff's sale on August 23, 1963. He was again the purchaser at the August 23, 1963, sale. Finally on September 22, 1964, the judgment creditor instituted the present action to quiet title to and partition and sell the Lynncrest Heights lot. A lis pendens was filed simultaneously. An abstract of title litigation report was obtained by Moore pursuant to Code of Civil Procedure, section 799. In this action, the defendant and judgment debtor, Jerry C. Hall, filed a disclaimer of any right, title or interest in the property. From a judgment in favor of defendants Patricia Hall Allen and Ida May Hall, the plaintiff appeals.

█ Unquestionably under the facts of the case at bench, the recording of the abstract of judgment in the County of San Bernardino created a lien on all real property owned by codefendant and judgment debtor, Jerry C. Hall, in that county and such lien continues for the statutory period unless satisfied prior to the running of the statutory period. (Code Civ. Proc., § 674; *McCarty* v. *Christie,* 13 Cal. 79; *Mercantile Collection Bureau* v. *Roach,* 195 Cal.App.2d 355 [15 Cal. Rptr. 710]; *Bateman* v. *Kellogg,* 59 Cal.App. 464 [211 P. 46].) █ This type of lien was unknown at common law and is entirely of statutory creation. (Code Civ. Proc., § 674; *Mercantile Collection Bureau* v. *Roach, supra.*)

This statement of the law does not resolve the questions raised on this appeal. Statutorily, there has been created a right of execution on a judgment and sale thereunder, Code of Civil Procedure, sections 681 et seq., and a period of redemption, Code of Civil Procedure, sections 700 et seq.

Defendants Ida Hall and Patricia Allen do not question the validity of the first sheriff's sale, but rather they contend the redemption from this sale by the debtor's grantee extinguished the judgment creditor's lien on the real property. █ As a general proposition it cannot be questioned that, unless exempt, any interest in real property is subject to levy and sale under writ of execution. (Code Civ. Proc., § 688 et seq.) The joint interest of one cotenant may be sold on execution to enforce a judgment against him. (*Stanton* v. *French,* 83 Cal. 194-195 [23 P. 355]; *In re Rauer's Collection Co., Inc.,* 87 Cal.App.2d 248, 256 [196 P.2d 803]; *Lesser* v. *Pomin,* 3 Cal.App.2d 117, 124 [39 P.2d 451].)

■ In the absence of a question pertaining to the validity of the sheriff's sale, the legal title, acquired by the purchaser at that sale, is analogous to one "defeasible upon a condition subsequent." (*Pollard* v. *Harlow,* 138 Cal. 390, 393 [71 P. 454, 648; *Bateman* v. *Kellogg, supra,* 59 Cal.App. 464, 472.) The judgment debtor or his successor in interest have the right to redeem the property taken by execution and subsequent sheriff's sale. (Code Civ. Proc., § 701.) ■ The effect of the conveyance by grant deed of respondent Jerry C. Hall's interest in the property was to create a right of redemption in his grantee. (*Southern California Lumber Co.* v. *McDowell,* 105 Cal. 99, 101-102 [38 P. 627] ; *Bateman* v. *Kellogg, supra; Schumacher* v. *Langford,* 20 Cal.App. 61, 64-65 [127 P. 1057].)

The effect of the redemption, if the debtor had redeemed, would have been to attach a lien for the deficiency in the judgment as though no sale had ever taken place. (Code Civ. Proc., § 703; *Call* v. *Thunderbird Mortgage Co., Inc.,* 58 Cal.2d 542, 548-549 [25 Cal.Rptr. 265, 375 P.2d 169]; *Simpson* v. *Castle,* 52 Cal. 644, 649.) However, when the right to redeem has been exercised by a successor-in-interest to the judgment debtor, title is vested in that redemptioner free of the lien created by the recorded abstract of judgment. (*Black* v. *Gerichten,* 58 Cal. 56; *Simpson* v. *Castle, supra,* 52 Cal. 644, 650; *Siegel* v. *Farrar,* 120 Cal.App. 193, 196-197 [7 P.2d 319] ; *Haskins* v. *Certified Escrow & Mortg. Co.,* 96 Cal.App.2d 688, 691-692 [216 P.2d 90].)

■ Although plaintiff contends the conveyance of the judgment debtor's interest to his wife was a fraud on creditors, he is in no legal position to support it. (*Siegel* v. *Farrar, supra,* 120 Cal.App. 193.) One of the primary purposes of the statutory redemption is to force the purchaser at the execution sale to bid on the property at a price approximating its fair value. (*Salsbery* v. *Ritter,* 48 Cal.2d 1, 11 [306 P.2d 897].) There is no showing in the record before us that plaintiff's bid of $100 for the property at the sale complied with this rationale.

In *Siegel* v. *Farrar, supra,* Mr. Justice Barnard, speaking for this court, stated: "Some question is raised that it is inequitable to permit this redemption by the respondents to stand, since nothing was paid to their mother for the quitclaim deed, and that the respondents may not prevail since they do not come into court with clean hands. It would appear that the appellant is not in the best position to raise such a

question, since the facts shown by the record would indicate that he attempted to and did purchase the interest of Anna Siegel in this property at the execution sale for very much less than it was worth. The respondents are in no way to blame, if it should develop that he is unable to collect the deficiency judgment which he preferred to a situation in which a redemption would have paid him in full.''

Plaintiff's lien rights on the real property were exhausted when defendant Jerry C. Hall granted his right of redemption to Ida Hall and she redeemed the real property for the amount paid by plaintiff at the June 8, 1962, execution sale. Plaintiff exhausted his rights to subject the property to the payment of his judgment. (*Haskins* v. *Certified Escrow & Mortg. Co., supra,* 96 Cal.App.2d 688, 691.)

The attempted sale at execution several months after the property was redeemed was a nullity for defendant Jerry Hall had no interest in the real property to be affected by execution or sale.

It is the duty of a trial court to make findings on every material issue raised by the pleadings. (*Auer* v. *Frank,* 227 Cal.App.2d 396, 405-406 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108] ; *Haight* v. *Tryon,* 112 Cal. 4, 6 [44 P. 318].) Plaintiff postulates that since he requested special findings, under Code of Civil Procedure, section 634, on the effect of the recording of the abstract of judgment and the court did not make such findings, and there can be no inferred findings, therefore, the judgment must be reversed. The judgment requires no inferred findings to sustain it. The trial court found that the abstract of judgment was recorded on April 21, 1961, and ''that the [assigned] right to redeem gave to the defendant Ida May Hall, after redemption, such title as plaintiff had previously acquired from the defendant Jerry C. Hall.'' This finding fairly disclosed the determination of the trial court on all issuable facts of the cause as required by Code of Civil Procedure, section 632, and reflects that court's disposition of plaintiff's purported interest in the subject property whether legal or equitable. The ''effect'' of the recordation is but a matter of law, not one of fact.

Since such a finding as requested by plaintiff is immaterial to the issues, the trial court was not required to make a finding. (*Estate of Guerin,* 194 Cal.App.2d 566, 573 [15 Cal.Rptr. 512].)

Judgment affirmed.

Kerrigan, J., and Tamura, J., concurred.