S. H. KAYE, APPELLANT, v. UNITED MORTGAGE COMPANY, A CORPORATION, RESPONDENT.

No. 5942

March 16, 1970                                    466 P.2d 848

*Bible, McDonald, Carano & Wilson* and *Gary A. Wood,* of Reno, and *David Abbatangelo,* of Las Vegas, for Appellant.

*Deaner, Butler & Adamson,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This case comes to us on appeal from a summary judgment for United Mortgage in an action for damages commenced by

Kaye. The issue presented is whether a redeeming grantee of a judgment debtor's statutory right of redemption takes the property free from the judgment lien under which the property was sold. The district court ruled that the property continued to be subject to the judgment lien. For reasons hereafter expressed we reverse that determination and remand for further proceedings.

The relevant facts are these. United Mortgage secured a judgment for $52,650 against one McMillan, a lessee of real property. McMillan's leasehold interest was sold to United Mortgage for $5,000 upon execution sale. That sum was credited against the judgment. Thereafter McMillan assigned his statutory right of redemption to Kaye who redeemed, receiving a certificate of redemption from the sheriff. United Mortgage renewed the writ of execution and caused the sheriff to again levy upon the leasehold. At the second sheriff's sale United Mortgage repurchased the leasehold for $18,087.40. Kaye then commenced this action against United Mortgage for damages caused by the second levy and sale.

1. Since Nevada statutory provisions governing redemption are identical in all material respects to California Code provisions, we are persuaded, as was Montana [see McQueeney v. Toomey, 92 P. 561 (Mont. 1907)], to follow relevant California case authority. For almost a century it has been the law of California that when the right to redeem has been exercised by a successor in interest to the judgment debtor, title is vested in such successor free of the lien created by the judgment. Simpson v. Castle, 52 Cal. 644 (1878); Siegel v. Farrar, 7 P.2d 319 (1932); Haskins v. Certified Escrow & Mortgage Co., 216 P.2d 90 (1950); Moore v. Hall, 58 Cal.Rptr. 70 (1967). Upon execution sale the purchaser acquires the interest of the judgment debtor, subject to redemption. Our statute so declares.[1] This means simply that the judgment debtor's title or interest passes to the purchaser subject to defeasance in the event of redemption. Moore v. Hall, supra; Noble v. Beach, 130 P.2d 426 (Cal. 1942). If the judgment debtor redeems he reacquires his title or interest in the property, and a lien for the deficiency

[1]NRS 21.190 reads: "Upon a sale of real property, the purchaser shall be substituted to and acquire all the right, title, interest and claim of the judgment debtor thereto. When the estate is less than a leasehold of 2 years' unexpired term, the sale shall be absolute. In all other cases the real property shall be subject to redemption as provided in this chapter. . . ."

in the judgment attaches once more, just as though an execution sale had not occurred. However, a different consequence follows when the debtor's successor in interest redeems. There is no judgment outstanding against him to which a lien can attach. There exists no reason to subject his property to the lien of a judgment secured against someone else. This difference in result (flowing from the identity of the redeemer; debtor or successor in interest) serves to promote one of the primary purposes of statutory redemption—forcing the purchaser at execution sale to bid on the property at a price approximating its fair value. Moore v. Hall, supra; Salsbery v. Ritter, 306 P.2d 897 (Cal. 1957).

2. The respondent suggests that there should be no distinction between redemption by the judgment debtor and redemption by the debtor's successor in interest. The suggestion rests primarily upon the Oregon decision of Flanders v. Aumack, 51 P. 447 (Ore. 1897). That decision is inapposite since the Oregon statutory scheme was different, a fact which the Oregon court acknowledged in discussing California case law. Id. at 448.

The summary judgment for United Mortgage is reversed and this case is remanded to the district court for further proceedings.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.