[Civ. No. 25950. First Dist., Div. Three. Apr. 1, 1970.]

WILLIE T. FRY, Plaintiff and Appellant, v.
RICHARD BIHR et al., Defendants and Respondents.

## COUNSEL

Howell, Elson & Grogan and Demetrios P. Agretelis for Plaintiff and Appellant.

Carlson, Collins & Bold and Grant G. Cahhoun for Defendants and Respondents.

## OPINION

**DRAPER, P. J.**—Plaintiff filed an action against defendant Richard Bihr for damages for personal injuries. Richard then quitclaimed to his wife, defendant Norma, all his interest in real property in Richmond owned in joint tenancy by himself and Norma. There was no consideration for this deed, and it was given and received with knowledge that it was intended to hinder, delay and defraud creditors of Richard. Trial of the

personal injury action resulted in judgment for plaintiff against Richard for $15,000 and costs. Plaintiff then filed an action to set aside the conveyance, and shortly thereafter caused writ of execution to be issued and levied upon all right, title and interest of Richard in the Richmond property. At execution sale, plaintiff bid in the property for $150, crediting only this amount against his judgment. Some two months later, on September 25, 1967, Richard again conveyed the land to Norma, this time by grant deed. She gave no consideration for the deed, but two days later, with her own funds, she paid the marshal $150 plus interest, and received from the marshal a certificate of redemption of the property. The marshal paid the amount received from Norma to plaintiff, who retains it. Plaintiff then filed a supplemental complaint, seeking to set aside both quitclaim and grant deeds, and to quiet title to the Richmond property in himself. After trial, judgment was entered denying relief to plaintiff and quieting title in defendant Norma. Plaintiff appeals.

The court found that the Richmond property had been held by defendants Richard and Norma in joint tenancy and was not community property. No finding was made as to the grant deed of September, but the evidence is undisputed that no consideration was given or received for that deed.

■ The execution sale to himself terminated plaintiff's lien upon the property. Although a balance remained due upon his judgment, he had but a certificate of sale which was not a lien during the period for redemption (*Haskins* v. *Certified Escrow & Mortg. Co.*, 96 Cal.App.2d 688, 691 [216 P.2d 90]). ■ The property sold was subject to redemption (Code Civ. Proc., § 700a) by the judgment debtor, Richard, or his successor in interest (Code Civ. Proc., § 701) upon payment of the sale price plus interest (Code Civ. Proc., § 702), but without payment of the balance of the judgment debt (*Haskins* v. *Certified Escrow & Mortg. Co.*, *supra*, at pp. 691-692). The deficiency remaining due upon the judgment under which plaintiff's levy was made is not one of the "liens" which must be paid to redeem (see *Salsbery* v. *Ritter*, 48 Cal.2d 1, 11 [306 P.2d 897]). ■ The September deed, made after the execution sale, transferred Richard's right of redemption to Norma (*Philips* v. *Hagart*, 113 Cal. 552 [45 P. 843]; *Moore* v. *Hall*, 250 Cal.App.2d 25, 29 [58 Cal.Rptr. 70], and cases there cited).

■ Here the redemption was by a person other than the judgment debtor. Thus the property redeemed was free of plaintiff's deficiency claim (*Moore* v. *Hall*, *supra*; *Haskins* v. *Certified Escrow & Mortg. Co.*, *supra*; *Siegel* v. *Farrar*, 120 Cal.App. 193, 196 [7 P.2d 319]).

■ As shown by the cases previously cited, the September grant deed

to Norma was effective only to transfer Richard's right of redemption, the only interest in the property remaining in him after the execution sale. ■ That transfer of the right of redemption was not in fraud of creditors merely because it was made without consideration, for it transferred only the right to redeem at the very price which plaintiff's successful bid at execution sale had fixed as the fair value of the property (*Moore* v. *Hall, supra,* at pp. 29-30; *Haskins* v. *Certified Escrow & Mortg. Co., supra,* at pp. 691-692; *Siegel* v. *Farrar, supra,* at p. 197). Here, moreover, plaintiff introduced evidence that $150 was the fair value of the interest of Richard at the time of the execution sale, and the court found that "there was no evidence that the value of the interest sold at the execution sale was in excess of $150." The finding is sustained by the evidence. There is no contention that Richard provided or had any interest in the funds used by Norma to redeem. It follows that Norma's redemption vested title to Richard's interest in her, free of plaintiff's lien.

■ Separately, plaintiff attacks the finding that the property was in fact held in joint tenancy before the execution sale, and was not community property. The argument apparently is that Norma's original interest in the property was acquired by plaintiff through his purchase, at the execution sale, of all right, title and interest of Richard. This argument seems irrelevant in light of plaintiff's own fixing of the value of Richard's full interest and establishment of the redemption value by his bid of only $150 at the forced sale. In any event, the trial court's finding is fully supported by the evidence. ■ When property is conveyed to spouses as joint tenants, it is presumed that the interests of husband and wife are separate property (*Siberell* v. *Siberell,* 214 Cal. 767, 773 [7 P.2d 1003]). Evidence of contrary intent or agreement of the spouses is admissible, and the issue then becomes one of fact (*Tomaier* v. *Tomaier,* 23 Cal.2d 754 [146 P.2d 905]). ■ There is evidence that Norma contributed funds which were indisputably her separate property to the original real estate investment of the spouses. This investment traced through several transactions to the present property. Both spouses testified that they intended throughout to maintain Norma's interest as her separate property. The trial court was not compelled, of course, to believe this testimony. But it is sufficient, even if there were conflicting evidence, to sustain the finding.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1970.