[Civ. No. 61105. Second Dist., Div. One. Oct. 13, 1981.]

WALTER C. LINDSEY, Plaintiff and Respondent, v.
LaVERNE R. MEYER et al., Defendants and Appellants.

COUNSEL

Benton, Orr, Duval & Buckingham and Edwin Duval for Defendants and Appellants.

Fourt & Schechter and Thomas Lisle Schechter for Plaintiff and Respondent.

OPINION

HANSON (Thaxton), J.—LaVerne R. Meyer and Estella Meyer, husband and wife (hereinafter sometimes referred to as the Meyers), trustors under a deed of trust on real property which was sold at judicial foreclosure following their default, appeal from the judgment of the court determining the amount of the lien on the real property redeemed by them.

### FACTS

On March 31, 1975, LaVerne R. Meyer and Estella Meyer executed and delivered to Walter C. Lindsey through escrow a $130,000 promissory note secured by a deed of trust on the subject real property. When on June 1, 1975, the Meyers failed to make their first monthly payment

of principal and interest, Lindsey exercised his option to declare the whole sum of $130,000 plus interest immediately due and payable.

Lindsey then sued the Meyers to foreclose on the deed of trust, and on March 4, 1977, a judgment of foreclosure was entered ordering sale of the property and determining that the Meyers were personally liable to Lindsey for $146,830.42, principal and interest, plus $6,457 in attorneys' fees, and costs of sale. The trial court also ruled that Lindsey would be entitled to a deficiency judgment against the Meyers in the amount of any portion of the indebtedness not satisfied by the sale of the subject real property. Lindsey purchased the property at the subsequent foreclosure sale for the sum of $5,000. The sheriff deducted $244.74 for costs of sale, leaving $4,755.26 to be credited on the judgment.

The Court of Appeal, Second Appellate District, Division One, on August 21, 1979, in a prior appeal by the Meyers (2 Civ. No. 53073) ordered the judgment of the superior court modified on the basis that the Meyers could not be held personally liable for a deficiency judgment on a purchase money mortgage.

In response to a second appeal by Meyers in the same case the Court of Appeal on the same day issued its opinion (2 Civ. No. 55014) declaring the applicable principles of law with respect to computation of the amount the Meyers would have to pay to redeem the real property. The trial court on remand recomputed the redemption price pursuant to the appellate court's instructions as $4,385. Lindsey was directed to execute a certificate of redemption in favor of the Meyers. The trial court's order in this respect has not been challenged on this appeal.

Instead the Meyers contest a further provision of the trial court's order which directs "That the subject real property (as described in the attached Exhibit 'A') is subject to the lien for the unsatisfied portion of the judgment heretofore entered in the above-entitled action. Said judgment entered March 4, 1977, constitutes a lien on the real property described in Exhibit 'A', for the following sums: Principal and interest as of March 4, 1977, $146,830.42 together with attorneys' fees in the amount of $6,457.00 together with interest thereon at the rate of 7 percent per annum from March 4, 1977 until paid."

In the second prior appeal concerning calculation of the requisite redemption price, this court included the following language: "'[S]ection

703 specifically provides "if the debtor redeem, the effect of the sale is terminated, and he is restored to his estate."" (*Kaiser* v. *Mansfield* (1958) 160 Cal.App.2d 620, 628 [325 P.2d 865].) Upon restoration of the judgment debtor to his estate in the land, the land becomes subject to the lien for the unsatisfied portion of the judgment because the effect of the sale has been extinguished. (See *Simpson* v. *Castle* (1878) 52 Cal. 644; *Call* v. *Thunderbird Mortgage Co.* (1962) 58 Cal.2d 542 [25 Cal.Rptr. 265, 375 P.2d 169].)"

## ISSUES

The Meyers posed the following questions on this appeal: (1) Did the quoted portion of the earlier opinion by the Court of Appeal establish, as the law of the case, that the March 4, 1977, foreclosure judgment would constitute a lien on the Meyers' land, even if that conclusion is legally erroneous; and (2) did the trial court err in ordering that the judgment of foreclosure entered on March 4, 1977, constitutes a lien on the real property redeemed by the Meyers.

## DISCUSSION

### I

Simply stated the doctrine of the "law of the case" requires that both trial and reviewing courts follow principles laid down upon a former appeal in the same case, whether those earlier pronouncements are right or wrong. (*Estate of Baird* (1924) 193 Cal. 225 [223 P. 974]; *Hard* v. *Hollywood Turf Club* (1955) 134 Cal.App.2d 174 [285 P.2d 321].) For application of this doctrine the rule relied upon must have been necessary to the earlier decision. (*Estate of Roulac* (1977) 68 Cal.App.3d 1026, 1031 [136 Cal.Rptr. 492].)

The foregoing general rule is, however, subject to an important exception: Where the particular point was essential to the decision, and the appellate judgment could not have issued without its determination, a necessary conclusion is that the point was impliedly decided, even though the point was not raised by counsel or expressly mentioned. (*Davis* v. *Edmonds* (1933) 218 Cal. 355, 358 [23 P.2d 289]; *Steelduct Co.* v. *Henger-Seltzer Co.* (1945) 26 Cal.2d 634, 642 [160 P.2d 804]; *Nevcal Enterprises* v. *Cal-Neva Lodge, Inc.* (1963) 217 Cal.App.2d 799, 804 [32 Cal.Rptr. 106]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 649, pp. 4566-4568.)

This court's basic holding in the previous appeal was that the Meyers were entitled to redeem the property for the same amount bid and paid by Lindsey for the property at the foreclosure sale.

On the earlier appeal, the lower court had ordered that the Meyers must pay the fair market value of the property plus or minus miscellaneous costs, for a total of $84,003.36 in order to redeem it. In reversing, the Court of Appeal held that tendering merely the purchase price ($5,000) paid for the property at the foreclosure sale would effect a valid redemption. A redemption at the latter price obviously left almost all of the foreclosure lien (some $153,287.42) unsatisfied. Therefore, the Court of Appeal went on to specify the consequences of redemption by the judgment debtor. The appellate court's determination that the judgment lien would reattach to the property in the hands of the judgment debtor was necessary in order to reach an equitable decision—one which would give each party the benefit of his bargain. It, therefore, appears that the question now before this court was impliedly decided in the earlier decision by the Court of Appeal as the "law of the case."

In addition it is clear that the quoted language was included to guide the trial court when it issued a new order upon remand. ■ "[W]here an appellate court, in reversing a case and in ordering further proceedings, lays down a proposition of law presented on the appeal though not essential to the decision but important for purposes of new trial, such ruling becomes the law of the case and without regard to the correctness of such legal principle, is binding upon the trial court and the appellate courts in subsequent stages of the action." (*Chamberlain Co.* v. *Allis-Chalmers Mfg. Co.* (1946) 74 Cal.App.2d 941, 942-943 [170 P.2d 85].)

■ Although there was no new trial upon remand, the principle should be equally applicable to an order to the trial court to take action consistent with principles set forth in the appellate decision. The "law of the case" prescribes that a lien for the unsatisfied portion of the debt reattaches to the property upon redemption by the Meyers, the judgment debtor.

## II

Although this court's conclusion that the trial court correctly followed the law of the case is sufficient to affirm the order below, we

address the second issue raised on this appeal for purposes of clarification.

The original judgment of foreclosure of appellants' deed of trust and order of sale filed March 4, 1977, impressed a judgment lien on the property in the amounts of $146,830.42 principal and interest, $6,457 attorneys' fees, and actual costs of foreclosure and sale.

The judgment debtors (Meyers) were entitled to redeem the property within one year following the judicial foreclosure sale (Code Civ. Proc., §§ 700, 701, 725a) by tendering the amount bid by a creditor purchasing at the foreclosure sale plus the itemized costs and expenses set forth in Code of Civil Procedure section 702.

In the second prior appellate opinion in this case, we determined that the judgment debtor in effecting a redemption is not required to pay, in addition to the amount of the sale, any unpaid amount of judgment under which the sale was held. ■ "[I]f a redemption is made by the mortgagor it is not from the lien of the mortgage, but from the sale under the judgment, and the amount which he [the mortgagor] is required to pay under such redemption is not the amount of the mortgage, but the amount for which the property was sold . . . ." (*Duff* v. *Randall* (1897) 116 Cal. 226, 230 [48 P. 66]; see also *Haskins* v. *Certified Escrow & Mtge. Co.* (1950) 96 Cal.App.2d 688, 691 [216 P.2d 90].) "The deficiency remaining due upon the judgment under which plaintiff's levy was made is not one of the 'liens' which must be paid to redeem." (*Fry* v. *Bihr* (1970) 6 Cal.App.3d 248, 251 [85 Cal.Rptr. 742]; *Salsbery* v. *Ritter* (1957) 48 Cal.2d 1, 11 [306 P.2d 897].)

This principle rests upon a rather technical legal concept which nevertheless illuminates the present controversy.

■ Prior to the entry of a foreclosure judgment, a mortgagor, or as here the trustor, holds title subject to the lien of the mortgage, and after the judgment of foreclosure is entered, but before the sale, he holds it subject to the lien of the judgment. However, after the sale, he has only a right of redemption, while the purchaser has the entire beneficial interest in the property, subject to be defeated by a redemption from the sale. (*Duff* v. *Randall, supra*, 116 Cal. 226, 230.)

Where the judgment creditor himself purchases the property at the foreclosure sale, the judgment lien ceases to be a lien on the property

during the period of redemption. (*Haskins* v. *Certified Escrow & Mtge. Co., supra,* 96 Cal.App.2d 688, 691; *Simpson* v. *Castle, supra,* 52 Cal. 644, 649.)

However, where the judgment debtor later redeems the property, the sale and its effects are extinguished and the judgment debtor is restored to his original estate in the land. (Code Civ. Proc., § 703; *Kaiser* v. *Mansfield, supra,* 160 Cal.App.2d 620, 628.) ■ Necessarily, the "effect" of the sale which concerns us here, namely, the temporary suspension of the judgment lien pending expiration of the redemption period, must also terminate. As a direct consequence, the judgment lien of foreclosure is restored to the extent that it has not been satisfied by the judgment debtor's tender of the redemption price.

"If the judgment debtor redeems, the lien of judgment under which the property was sold reattaches to the extent it remains unsatisfied . . . ." (5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment, § 100, pp. 3465-3466.) This principle applies to an ordinary judgment lien as well as to a deficiency judgment obtained after the foreclosure sale. (See *Simpson* v. *Castle, supra,* 52 Cal. 644, 647.)

The Supreme Court of Indiana, when faced with substantially the same situation, similarly concluded that a redemption by the mortgagor nullified the effects of the foreclosure sale so that the lien was restored to the extent of the unsatisfied portion of the debt. (*Green* v. *Stobo* (1889) 118 Ind. 332 [20 N.E. 850, 851.)

Finally, in *Call* v. *Thunderbird Mortgage Co., supra,* 58 Cal.2d 542, 548, the California Supreme Court pointed out that sections 701 and 703 of the Code of Civil Procedure were designed to protect the redemption rights of various parties, not to relieve a judgment debtor from payment of his just debts. That opinion was primarily concerned with protecting the interests of junior lienholders. The principle is equally applicable to the present situation where the redeeming debtor claims that his redemption of the property extinguishes the judgment lien levied upon at the foreclosure. (See also *Kaiser* v. *Mansfield, supra,* 160 Cal.App.2d 620, 629.) The Meyers contracted to purchase the property, defaulted and redeemed after a foreclosure sale at a price far below fair market value or their original obligation. To hold that they are entitled to keep the property for a nominal sum would afford them an unjustified windfall and set a dangerous precedent.

The rule as here set forth returns the parties to the positions they occupied prior to the foreclosure sale—as if no sale had ever taken place. Paragraph 5 of the trial court's order achieves precisely this result. Therefore, we conclude that the trial court committed no error in ordering that the property now in possession of the Meyers remains subject to the unsatisfied portion of the judgment lien of foreclosure.

## DISPOSITION

That portion of the judgment and order appealed from is affirmed.

Lillie, Acting P. J., and Dalsimer, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 9, 1981.